**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| BRIAN CARR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARK S. INCH, DIRECTOR, FEDERAL BUREAU OF PRISONS,<br><br>Defendant. | No. 2:14-cv-00001-WTL-MJD<br><br><br><br>PLAINTIFFS' STATEMENT OF JURISDICTION AND CLAIMS |

Plaintiffs Brian Carr, Mark Crenshaw, Trone Kent, and John Wilson (collectively, "Plaintiffs") are four inmates confined to the custody of the Federal Bureau of Prisons (the "BOP"). They brought this suit under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, alleging that the BOP imposes a substantial burden upon their exercise of religion by refusing to provide them with meals that accommodate their sincerely-held religious beliefs as devout Muslims. *See* Am. Compl., Dkt. 18. The BOP's interference with Plaintiffs' religious exercise is not the least restrictive means of furthering any compelling governmental interest, and therefore violates RFRA. This case is set for a bench trial commencing July 23, 2018. Dkt. 134.

Pursuant to the Court's Minute Order, Dkt. 187, Plaintiffs respectfully submit the following statement of the claims they intend to prove at trial, and the legal theories on which those claims are based:

## JURISDICTIONAL STATEMENT

1. This action is brought pursuant to RFRA, 42 U.S.C. § 2000bb-1.
2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action occurred in this district. Moreover, all of the Plaintiffs were located in this district at the time they filed this suit.

4. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201–2202, 42 U.S.C. § 2000bb-1(c), and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

## STATEMENT OF CLAIMS

1. Plaintiffs are adult Muslim men currently confined to the custody of the BOP.

2. Defendant Mark S. Inch is the current Director of the BOP, and is sued in his official capacity.

3. According to Plaintiffs' religious beliefs, they must consume food that is halal, and they must avoid foods that are haram, or forbidden, as well as foods that are doubtful as to their halal status.

4. Although Plaintiffs' religious beliefs regarding the consumption of food are multi-faceted, several important beliefs are implicated here, including that:

   a. In order for meat to be considered halal in accordance with the beliefs of all Plaintiffs, the animal must be slaughtered individually, by hand, by a sane adult Muslim while reciting the name of Allah and in a manner prescribed by Islamic law; the slaughterer must believe in all the essential matters of the faith as described by Imam Al-Tahawi; the slaughterer must cut horizontally, severing at least three of four main vessels below the Adam's apple, and use a knife sharp enough to ensure that the slaughter is swift and the animal suffers minimally;

b. Certain foods, including pork, pork byproducts, and additives containing alcohol, sugar alcohols, gelatin, animal shortening, and certain emulsifiers and enzymes, are strictly forbidden regardless of the manner of slaughter;

c. Meat and other foods, even if prepared in an acceptable manner, cannot be halal if it has been cross-contaminated with haram ingredients, additives, or enzymes; and

d. Plaintiffs must consume halal meat on a regular basis in order to adhere to the example set by the Prophet Muhammad.

5. Any food that has not been certified as halal in accordance with the above requirements by a reputable halal certifier is doubtful and, accordingly, forbidden for Plaintiffs to consume.

6. Plaintiffs' religious beliefs are sincere.

7. The BOP does not currently provide meals to Plaintiffs that comply with their sincerely-held religious beliefs. None of the current meal options (established by nationwide BOP policy) includes halal-certified food, nor is there any method of assuring that meals are free of cross-contamination with haram ingredients, additives, or enzymes.

8. Prior to initiating this suit, Plaintiffs properly exhausted all of their available administrative remedies, by filing administrative remedy requests with the BOP requesting meals that conform to their religious beliefs and appealing the denial of those requests to the BOP's central office, which again denied their requests.

9. The BOP's refusal to provide Plaintiffs with food that accords with their religious beliefs imposes a substantial burden on Plaintiffs' religious exercise. 42 U.S.C. § 2000bb-1(a).

10. The BOP cannot meet its burden of proving that this decision is the "least restrictive means" of furthering a "compelling governmental interest," *id.* § 2000bb-1(b),

because numerous less-restrictive alternatives are available that would satisfy Plaintiffs' religious requirements without implicating any legitimate security or other penological interest. These include, for example, providing Plaintiffs with halal meals that are independently certified as conforming to Plaintiffs' religious beliefs.

11. Thus, the BOP's decision to deny Plaintiffs meals satisfying their religious beliefs violates the requirements of RFRA.

12. Accordingly, Plaintiffs are entitled to declaratory and injunctive relief. *Id.* § 2000bb-1(c). The BOP should be permanently enjoined from further burdening Plaintiffs' religious beliefs and compelled to provide Plaintiffs with a diet that conforms to the strictures of their religion. Plaintiffs are entitled to the recovery of attorney's fees and costs. 42 U.S.C. § 1988(b)–(c).

Plaintiffs reserve the right to amend this Statement of Claims based upon any additional information that becomes available.

Respectfully submitted this 6th day of November 2017.

By: */s/ David J. Leviss*
David J. Leviss
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
Email: dleviss@omm.com

*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, a true and correct copy of the foregoing Plaintiffs' Statement of Jurisdiction and Claims was served via ECF notification on the below counsel:

>Shelese Woods
>United States Attorney's Office
>Southern District of Indiana
>10 W. Market Street, Suite 2100
>Indianapolis, Indiana 46204-3048
>Telephone: (317) 226-6333
>E-mail: shelese.woods@usdoj.gov

>*/s/ David J. Leviss*
>David J. Leviss
>O'MELVENY & MYERS LLP
>1625 Eye Street, NW
>Washington, DC 20006
>Tel: (202) 383-5300
>Fax: (202) 383-5414
>Email: dleviss@omm.com