# **<u>Exhibit A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN CARR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 2:14-cv-00001-JMS-MJD |
| ) | |
| ) | |
| MICHAEL CARVAJAL, Director, ) | |
| Federal Bureau of Prisons, ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT AND RELEASE

1. The Plaintiffs, Brian Carr, John Wilson, Tron Kent, and Mark Crenshaw ("Plaintiffs"), and the Defendant, Michael Carvajal, the Director of the Federal Bureau of Prisons ("BOP") in his official capacity, ("Defendant") (together the "Parties"), hereby agree to settle and compromise all claims that the Plaintiffs have asserted against the Defendant, in the cause currently captioned *Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*, Cause No. 2:14-cv-00001-JMS-MJD, under the terms and conditions set forth in this Settlement Agreement and Release (the "Settlement Agreement").

2. This Settlement Agreement does not constitute an admission of liability or fault on the part of the Defendant, his agents; servants; employees; or predecessors, and is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

3. Defendant agrees to the following terms (the "Settlement Terms") in full settlement and satisfaction of any and all claims the Plaintiffs have against Michael Carvajal, in

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

his official capacity; his agents, servants, employees, and successors; on account of the facts or circumstances which gave rise to the above-captioned case:

(a) Defendant shall maintain and allow the Plaintiffs to participate in all respects in a Halal-certified, processed food component of the BOP's Religious Diet Program ("the Halal Diet") uninterrupted during the duration of their current incarceration within the BOP, whether at their current Institutions, or at any other BOP Institution. The Parties agree that this provision does not apply to Residential Reentry Centers (RRCs) or contract facilities that are not controlled or operated by BOP.

(b) Defendant shall not refuse or revoke the Plaintiffs' participation in the Halal Diet during their current incarceration within the BOP, absent Plaintiffs' violation of a general rule or condition of the Religious Diet Program that is applicable to all inmates who participate in the Religious Diet Program and occurring after the date of execution of this Settlement Agreement. If the BOP refuses or revokes the Plaintiffs' participation in the Halal Diet for failing to comply with the terms of the Religious Diet Program, the Plaintiff may request reinstatement in accordance with the Dietary Practices Policy (Program Statement 5360.09, Section 18(b)), and such reinstatement shall not be unreasonably denied. Defendant's refusal or revocation of a Plaintiff's participation in the Religious Diet Program in accordance with this Paragraph or due to a Plaintiff's voluntary withdrawal from the Halal Diet shall not constitute breach of this Settlement Agreement.

(c) Defendant shall not withdraw Plaintiffs from the Halal Diet or otherwise determine Plaintiffs to be ineligible to receive the Halal Diet as a result of Plaintiffs'

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

purchases of any items from the Commissary, except edible items that are specifically labeled as containing pork or pork by-products.

(d) Defendant agrees that the Halal Diet will meet the accreditation standards of the American Correctional Association and any applicable Bureau of Prisons nutritional standards, including the provision of pre-packaged meals at least seven (7) times per week consisting entirely of Halal food. Defendant further agrees that the pre-packaged meals and other products containing meat (as used herein, "meat" does not include fish) provided on the Halal Diet will be certified Halal by a Halal Certification Agency who certifies that the meals meet the following specifications:

Food must be certified halal:

- With no pork or pork by-products;

- No traces of alcohol, or additives containing alcohol, including sugar alcohols;

- No gelatin derived from haram sources (as used in this Settlement Agreement, "haram" includes alcohol or additives containing alcohol, mind-altering substances, pork or pork by-products, and any meat that is not slaughtered in accordance with the standards set forth below);

- No animal shortening derived from haram sources;

- No other mind-altering substances derived from haram sources;

- No forbidden enzymes derived from haram sources;

- No emulsifiers that are derived from haram sources;

- That has no exposure to haram foods or ingredients through cross contact.

- Quality assurance mechanisms to ensure no cross contact with haram food or ingredients.

3

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

The animal from which the meat comes:

- Must be lawful to consume in Islamic Law.

- Cannot have died of cause other than proper slaughtering in accordance with Islam;

- The live animal must be slaughtered:

    - By hand with an extremely sharp knife so that the animal suffers minimally;

    - Intentionally slaughtered by a horizontal cut at the throat of the animal (below is laryngeal prominence), so that at least three of the four vessels are severed in one cut;

    - By a practicing sane adult Muslim who is knowledgeable of the Islamic slaughtering procedures.

    - The slaughterer must believe in all the essential matters of the Islamic faith according to the Quran.

    - The slaughterer must recite Bismillah (In the Name of Allah) before the slaughter of each animal, and in a manner prescribed by Islamic law.

- The Halal slaughtered carcasses should be stamped and labeled as 'Halal.'"

(e) Defendant agrees that all other items served on the Halal Diet, including breakfast items, will not contain haram ingredients.

(f) Defendant agrees that the Halal Diet will offer the provision of Halal meat (as used herein, "meat" does not include fish) no less than seven times per week.

(g) If any unplanned changes to the Halal Diet are required due to extenuating circumstances beyond Defendant's control, including late delivery, temporarily

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

inoperative equipment, or lack of commercial availability, Defendant shall use best efforts to make necessary substitutions of nutritionally equivalent Halal foods. To the extent possible, any menu changes to meals including Halal meat shall be substituted with another meal including Halal meat. To the extent unplanned menu changes occur, Defendant shall use best efforts to resume the original Halal Diet or implement a menu that fully complies with this Settlement Agreement as soon as possible. Defendant's inability to provide the Halal Diet due to extenuating circumstances beyond the Defendant's control shall not constitute a breach of this Settlement Agreement, so long as Defendant complies with the obligations set forth in this paragraph.

(h) Defendant shall maintain the following records for two years:

i. Food Services Menus and Plans for food being served to inmates on the Halal Diet;

ii. Certification documents sufficient to verify that the food being served on the Halal Diet is certified halal and meets the requirements enumerated in Paragraph 3(d) of the Settlement Agreement;

iii. Documents sufficient to identify the vendors for all food being served on the Halal Diet; and

iv. Procurement specifications for food being served on the Halal Diet.

(i) Upon Plaintiffs' request to the Food Services Department at their respective Institutions by submitting a Request to Staff Member in writing or through TRULINCS, Defendant shall provide the records described in the above-paragraph 3(h) to the Plaintiffs within twenty (20) business days of the request being made.

5

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

    4.    With the exception of attorneys' fees and costs, as set forth in Paragraph 16 of this Settlement Agreement, the Plaintiffs hereby agree to accept the Settlement Terms in full settlement and satisfaction of any and all claims and demands, including any claim for damages, which they, or their heirs, executors, administrators, or assigns have against Michael Carvajal; his agents; servants; employees; or successors, on account of the facts or circumstances which gave rise to the above-captioned case.

    5.    It is expressly understood by the Plaintiffs that Defendant is released from any and all claims and liability arising from the claims that were asserted in this cause by the Plaintiffs in this cause, *Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*, Cause No. 2:14-cv-00001-JMS-MJD.

    6.    It is expressly understood by Defendant that the Plaintiffs are released from any and all claims and liability arising from the claims that were asserted in this cause, *Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*, Cause No. 2:14-cv-00001-JMS-MJD.

    7.    With the exception of attorneys' fees and costs, as set forth in Paragraph 16 of this Settlement Agreement, the Parties agree that the terms set forth in the Settlement Agreement represent the entire settlement between the Parties.

    8.    In consideration of the agreement to the Settlement Terms, the Parties agree that they will execute for filing with the Court those documents necessary to dismiss this cause and to allow the Court to retain jurisdiction solely to enforce the provisions of the Settlement Agreement, including a proposed Order of Dismissal that: 1) provides that the Court will dismiss this cause, *Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*, Cause No. 2:14-cv-00001-JMS-MJD, without prejudice from the docket of the United States District

6

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

Court for the Southern District of Indiana; 2) provides that the Court will retain jurisdiction solely to enforce the provisions of the Settlement Agreement and adjudicate any claim for attorney's fees and costs; and (3) includes a provision whereby the Parties waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires the Court's dismissal order to be specific in terms or to describe in reasonable detail and without reference to the Settlement Agreement, the act or acts to be restrained.

9. The Parties agree that they will not challenge the United States District Court for the Southern District of Indiana's jurisdiction to enforce the terms of this Settlement Agreement or adjudicate any claim for attorney's fees and costs.

10. This Settlement Agreement is binding on Defendant and its agencies, departments, and successors, which may have responsibility for implementation of the requirements of this Settlement Agreement, either currently or in the future.

11. The Parties agree that this Settlement Agreement complies in all respects with the provisions of 18 U.S.C. § 3626(a).

12. The Defendant agrees that it will not file any motion in the future asserting that this Settlement Agreement should be terminated under the Prison Litigation Reform Act.

13. This Settlement Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Settlement Agreement is the United States District Court for the Southern District of Indiana. For purposes of construing this Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

14. In the event that either Party alleges that the other has failed to comply with this Settlement Agreement, that Party shall provide the other Party with a written statement describing the alleged non-compliance ("Notice of Non-Compliance") within thirty (30) calendar days of that Party's discovery of the alleged non-compliance. If Plaintiffs submit a Notice of Non-Compliance, it must be served on the Civil Chief, U.S. Attorney's Office, Southern District of Indiana, 10 West Market Street, Suite 2100, Indianapolis, Indiana, and the Federal Bureau of Prisons, Office of General Counsel, Litigation Branch, 320 First Street, N.W., Washington, D.C. 20534. The Party receiving a Notice of Non-Compliance shall provide a written statement responding to the Notice of Non-Compliance within thirty (30) calendar days from receipt of the Notice of Non-Compliance and, within fifteen (15) calendar days of receipt of the written response, counsel for the Parties shall meet and confer in a good faith effort to resolve their dispute informally.

15. If such dispute has not been resolved within thirty (30) calendar days of the good faith meet and confer, either Party may file a motion to enforce the Settlement Agreement in the United States District Court for the Southern District of Indiana. Counsel for the Party filing the motion to enforce the Settlement Agreement shall request that Magistrate Judge Mark J. Dinsmore mediate the dispute. In the event the Magistrate Judge Dinsmore is no longer a United States Magistrate Judge or is no longer available, the Parties shall jointly request the appointment of another United States Magistrate Judge in the Southern District of Indiana to mediate the dispute.

16. The Parties are unable to agree to as whether the Plaintiffs are entitled to an award of attorneys' fees and costs. As part of the execution of this Settlement Agreement and pursuant to Paragraph 8, the Parties agree to jointly request an extension of Plaintiffs' deadline to file a

8

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

motion for attorney's fees and costs, pursuant to the Federal Rules of Civil Procedure and Local Rules of the Southern District of Indiana, until sixty days after the Court enters the Order on Stipulation of Dismissal. Nothing in this Settlement Agreement shall be interpreted as a concession by the Defendant that the Plaintiffs are entitled to an award of attorneys' fees and costs. The Parties agree that the Defendant may oppose any motion for attorneys' fees and costs that is filed by the Plaintiffs.

17. This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one Settlement Agreement.

18. The Parties agree that this Settlement Agreement constitutes the entire understanding of the Parties and that any representation that is not contained in this Settlement Agreement is not binding upon any party.

19. In entering into this Settlement Agreement, the Plaintiffs represent that they have relied upon the advice of their attorneys, which attorneys are their attorneys of choice. The Plaintiffs further represent that the terms of this Settlement Agreement have been read and explained to them by their attorneys and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by the Plaintiffs.

20. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

21. This Settlement Agreement is effective on the date the Court enters the proposed Order of Dismissal tendered by the Parties containing the terms set forth in Paragraph 8 herein.

22. Facsimiles of signatures or scanned electronic copies of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

**ON BEHALF OF PLAINTIFFS:**

DATE: *May 6th, 2020*

*Brian Carr*
BRIAN CARR
Plaintiff

DATE:_____

_____
JOHN WILSON
Plaintiff

DATE:_____

_____
TRON KENT
Plaintiff

DATE:_____

_____
MARK CRENSHAW
Plaintiff

DATE:_____

_____
DAVID LEVISS
O'Melveny & Meyers, LLC
Attorney for Plaintiffs

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

**ON BEHALF OF PLAINTIFFS:**

DATE:_____              _____
                                   BRIAN CARR
                                   Plaintiff

DATE: 5/5/20                       *[signature]*
                                   _____
                                   JOHN WILSON
                                   Plaintiff

DATE:_____              _____
                                   TRON KENT
                                   Plaintiff

DATE:_____              _____
                                   MARK CRENSHAW
                                   Plaintiff

DATE:_____              _____
                                   DAVID LEVISS
                                   O'Melveny & Meyers, LLC
                                   Attorney for Plaintiffs

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

**ON BEHALF OF PLAINTIFFS:**

DATE:_____

_____
BRIAN CARR
Plaintiff

DATE:_____

_____
JOHN WILSON
Plaintiff

DATE: 5-6-20

*[signature]*
TRON KENT
Plaintiff

DATE:_____

_____
MARK CRENSHAW
Plaintiff

DATE:_____

_____
DAVID LEVISS
O'Melveny & Meyers, LLC
Attorney for Plaintiffs

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

**ON BEHALF OF PLAINTIFFS:**

DATE:_____

_____
BRIAN CARR
Plaintiff

DATE:_____

_____
JOHN WILSON
Plaintiff

DATE:_____

_____
TRON KENT
Plaintiff

DATE: *[signature: May Sixth Twenty Twenty]*

*[signature]*
MARK CRENSHAW
Plaintiff

DATE:_____

_____
DAVID LEVISS
O'Melveny & Meyers, LLC
Attorney for Plaintiffs

DocuSign Envelope ID: 0B6436A6-FA9C-4A37-B304-099440BB96A8

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

## ON BEHALF OF PLAINTIFFS:

DATE:_____

_____
BRIAN CARR
Plaintiff

DATE:_____

_____
JOHN WILSON
Plaintiff

DATE:_____

_____
TRON KENT
Plaintiff

DATE:_____

_____
MARK CRENSHAW
Plaintiff

DATE: 5/21/2020 | 8:36:01 AM PDT

DocuSigned by:
*[signature]*
B80EC0404C53450...
DAVID LEVISS
O'Melveny & Myers, LLP
Attorney for Plaintiffs

10

*Brian Carr, et al. v. Michael Carvajal, Director, Federal Bureau of Prisons*
Cause No. 2:14-cv-00001-JMS-MJD

**ON BEHALF OF MICHAEL CARVAJAL IN HIS OFFICIAL CAPACITY:**

DATE: 5/29/20    By:    JOSH J. MINKLER
United States Attorney
Southern District of Indiana

*[signature]*

SHELESE WOODS
Chief, Civil Division
United States Attorney's Office
Southern District of Indiana