# **Exhibit B**

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

JAKARTA†

LONDON

LOS ANGELES

NEWPORT BEACH

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEW YORK

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

July 3, 2013

WRITER'S DIRECT DIAL
(202) 383-5282

WRITER'S E-MAIL ADDRESS
dleviss@omm.com

**CONFIDENTIAL**

**SPECIAL MAIL/LEGAL MAIL**

Mr. Brian Carr
14820-016
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

**Re:** *Accommodation of Religious Diet – Terms of Engagement, Conflict Waivers and Relationship Matters*

Dear Mr. Carr:

We are pleased to have the opportunity to serve as your attorneys. This letter agreement and the enclosed Terms of Engagement (the "Terms") contain our agreement with you regarding the firm's services, our billing practices, and related representation and conflict of interest matters.

## Subject Matters and Scope of Representation

We have agreed to represent you, Brian Carr ("you"), and other selected inmates at the Terre Haute facility (currently John Wilson, Mark Crenshaw, Julius Warren, and Trone Kent) ("Joint Clients") in the matter identified below (the "Subject Matter"). Our representation will relate only to the claims you and the Joint Clients may have against the Federal Bureau of Prisons regarding provision of halal meals, as described below.

We will be assisting you only in the following matters: (1) drafting and filing a Complaint requesting injunctive relief from the Federal Bureau of Prisons and its employees regarding failure to provide certified halal meals; (2) drafting and filing subsequent motions and related briefing; (3) preparing for and representing you in any hearings, oral arguments, and/or at trial related to the complaint for failure to provide certified halal meals. We have not been asked to, or agreed to, represent you in other legal matters at this time and our representation as to any

unspecified matters is subject to resolution of any conflict issues that may arise and our acceptance at the time of a request from you as to the particular undertaking.

Our representation will end when the specified matters have been substantially completed, unless our engagement is earlier terminated or extended in accordance with the Terms.

If a need for further services arises, we will discuss this with you in a timely manner. You can limit the scope of our representation from time to time, but there must be a clear mutual written understanding as to any significant expansion of the scope of services. Unless otherwise agreed in writing, the terms of this letter agreement and the attached Terms will also apply to any additional matters we agree to handle on your behalf.

## Outside Lawyers

We are working as co-counsel with the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC"). You have authorized us to discuss the Subject Matter, including privileged and confidential information, with Deborah Golden, Esq., and other attorneys and staff of WLC. All communications between you and your lawyers at either O'Melveny & Myers LLP ("O'Melveny") or WLC will be strictly confidential and will be protected by the attorney-client privilege. Ms. Golden and the staff and attorneys at WLC are not agents of O'Melveny, nor are we their agents. We will not oversee their work. A separate co-counsel agreement has been entered into between O'Melveny and WLC and a copy is given to you so that you understand it is a part of this engagement letter. It is essential that, in order to preserve the attorney-client privilege, you do not discuss anything related to the Subject Matter outside the presence of one of your attorneys.

## Identity of Client

We will represent you and the Joint Clients in connection with the Subject Matter. Unless expressly agreed in writing, we will not be representing any other inmates of the Terre Haute facility, or other affiliates or associates ("Related Persons") in connection with the Subject Matter. Accordingly, we will generally not be precluded from representing any of our other existing clients or future clients in legal matters relating or adverse to these other Related Persons.

## Client Responsibility

In order for us to assist you effectively and efficiently, we expect that you will provide us with complete and correct factual information with respect to the Subject Matter, and that you will timely make any appropriate decisions. In addition, we encourage you to share with us your expectations and any concerns regarding our services at any time during the course of our representation.

## Waiver of Prospective Conflicts on Other Matters

We represent many other clients, including but (of course) not limited to governmental entities. It is possible that during or after the time we represent you, other present or future clients will ask us to represent them in disputes or transactions with or involving you or any Related Persons as to legal matters not substantially related to our representation of you. In matters other than the Subject Matter, these other clients could be directly adverse to you or any Related Persons.

Because our representation of you is limited to the Subject Matter, we wish to clarify our mutual understanding with you as to the extent to which our present representation both will affect, and will not affect, our ability to represent other existing or future clients in other legal matters, including litigation or other adversarial proceedings, whether or not you are involved in those matters. As a condition of our undertaking this matter, you agree that:

- we can continue to represent, or can in the future represent, existing or new clients in any matter, including litigation or other adversarial proceedings, so long as the matter is not substantially related to our work for you on the Subject Matter, even if those other clients' interests are adverse to you in the other matter,

- we might obtain confidential information of interest to you in these other matters that we cannot share with you, and

- you waive any conflict of interest that might arise from such engagements, and will not seek to disqualify us in or assert a conflict with respect to those engagements.

If for any reason this consent and waiver of the potential conflict is not effective in the circumstances, you consent to our resignation from our representation of you if resignation at that time is otherwise permissible under applicable professional rules. In that case, you would need to engage at your expense separate counsel to represent your interests and may incur delays and other inconvenience.

Of course, without your further prior written consent, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used in the other matter by the other client to your material disadvantage, unless we establish a "screen" to preserve your confidences; you consent to this arrangement.

The occasion might arise for us to consult (at our own expense, of course) regarding our engagement for you with our own counsel—our General Counsel or other firm lawyers working with our General Counsel who do not perform work for you on the Subject Matter, or with our own outside counsel. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and you as to such consultation or resulting communications, particularly if a dispute were to arise between us and you regarding

the Subject Matter. A condition of this engagement is that, in such circumstances, you hereby consent to such consultation occurring, and waive any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent you or from acting in our own behalf, even if doing so might be deemed adverse to your interests. You acknowledge that such communications are protected by our own attorney-client privilege from disclosure to you.

## Joint or Multiple Engagement

As you know, we will represent you and the Joint Clients in this matter. Based upon the information available to us at this time, we do not believe that jointly representing all these parties involves an actual conflict of interest. A conflict of interest may develop, however, if the parties' interests become inconsistent or adverse. If that occurs, we will promptly notify you and the Joint Clients about any such conflict.

It is possible that parties in addition to the Joint Clients will seek to join this joint representation. If that is the case, we will first attempt to determine whether adding the party to the joint representation will create an actual conflict of interest. If we do not believe that adding the party to the joint representation will create a conflict of interest, we will notify you of the party's interest and seek your approval of the addition to the joint representation.

Joint representation can be both efficient and effective, but involves risks you should assess in deciding whether to engage us at this time. First, our responsibilities must apply equally to our Joint Clients, rather than exclusively to one client. Although we are unaware of any current or reasonably foreseeable adverse effects of our joint representation of you and the Joint Clients, issues may arise that affect multiple clients in somewhat different ways. Therefore, it is important for you to understand that our joint client responsibilities may directly or indirectly affect our ability to focus exclusively on your individual interests and may be materially limited by our representation of the Joint Clients. For example, if you assert a claim against another client, take actions that would negatively affect the legal interest of the other Joint Clients, if we receive conflicting instructions with respect to our representation of you vis-à-vis the other Joint Clients, or if a dispute or conflict of interest develops between two or more of you, we may be required to withdraw from representing you. Should a disagreement arise among the Joint Clients, we will make a decision by majority vote. If no majority agreement can be reached, Brian Carr will provide the deciding vote. If a conflict of interest or unresolvable dispute arises among the Joint Clients such that we must withdraw from representation of some of the Joint Clients, Brian Carr is the client we will continue to represent. In the event that we are required to withdraw from continuing to represent you, you agree that we may continue to represent the Joint Clients in their claim against the Federal Bureau of Prisons. In the event of such withdrawal, we will be entitled to use the confidential information that we obtained from you while representing others regarding the Subject Matter.

In addition, during the course of our common representation of you and the other Joint Clients, as well as after such common representation, any information any one of you shares with us concerning the Subject Matter will not be kept confidential from the other Joint Clients.

Finally, you should be aware that any such information could be used against you in any proceeding by the other Joint Clients if a conflict of interest ever arises.

At the same time, the Joint Clients understand and agree with each other and with us that all confidential information communicated to us or our co-counsel will be subject to a joint privilege that prevents any of the other attorneys, the Joint Clients, and us from disclosing such confidential information to any other person or entity without the prior consent of the party that originally provided the confidential information. The obligation will continue not only during the course of our common representation of the Joint Clients, but also after such common representation ends.

You agree that you will fully cooperate in this joint engagement and will do everything in your power to protect the privileged communications between you, the Joint Clients, the other attorneys, and us.

We are prepared to proceed with the joint representation of the Joint Clients only if we obtain the written consent of each waiving actual or prospective conflicts to the fullest extent permissible, authorizing us to proceed subject to the limitations noted, and acknowledging the risks presented. If you agree to the terms of this communication and the requested waiver, your signature on this letter will evidence that agreement and your understanding of the circumstances and potential adverse consequences of this representation.

## Responsible Attorneys

Joanna Nairn, Darcy Meals, and I will be primarily responsible for this matter, but we will need the assistance of other attorneys and staff for support. My direct dial at the office is 202-383-5282 and my e-mail address is dleviss@omm.com. You can reach Joanna at 202-383-5379 or jnairn@omm.com, and Darcy at 202-383-5307 or dmeals@omm.com.

## Fees and Charges

As a representation undertaken by us for community legal service purposes and in light of your limited resources, we agree to handle this matter without charging you for fees or costs up front. Under that arrangement, we will not charge you fees for the time that we spend representing you. Nor will we charge you upfront for typical out-of-pocket expenses, such as telephone, routine copying and mailing expenses.

Because of the nature of the claims we may assert on your behalf, we may be eligible to apply for attorney's fees and/or costs incurred by the law firm in the course of the representation if we are successful on your behalf. If we recover any such attorney's fees and costs, we will retain those fees and costs and no part of that award of attorney's fees and costs will be paid to you.

If the engagement is resolved by a settlement that has no separate provision for fees and waives your right to seek court-awarded fees, we shall be entitled to our actual fees and costs

(calculated in the manner described below). If the matter is resolved by a settlement that does provide for fees and costs, we shall be entitled to the attorneys' fees and costs (calculated in the manner described below) that are so provided.

      A.      If you do not prevail, you will not be responsible for any fees or costs incurred by us.

      B.      If you do prevail or settle, the attorneys' fees will be calculated using the "lodestar" method. The lodestar amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed. For the purposes of this Matter, fees for lawyers and legal assistants for the firm will be at its regular hourly rates in effect when the services are rendered. Hourly rates for the firm's lawyers range from $380 for junior associates to $1050 for the most senior attorney; and for legal assistants and interns from $45 to $350. Hourly rates for the Washington Lawyers Committee range from $312 for junior staff attorneys to $753 for the most senior staff attorneys; and $170 an hour for legal assistants. The rates for particular individuals are adjusted from time to time, usually as of January 1.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which has been provided to you or is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to our services to you.

## ADR Processes with Adverse Party

You should note that alternative dispute resolution (ADR) processes may provide a means to resolve disputed claims. ADR processes include any structured process in which a neutral assists disputants in reaching a voluntary settlement by means of dispute resolution techniques such as mediation, conciliation, early neutral evaluation, nonjudicial settlement conferences or any other proceeding leading to a voluntary settlement. We will be prepared to discuss with you from time to time the advantages, disadvantages and availability of ADR processes as events unfold. You will have the ultimate authority, subject to applicable legal limits or orders, to determine (and eventually will need to determine) whether or not to pursue an ADR process.

## Arbitration

The Terms include an agreement to arbitrate certain matters before and pursuant to the Comprehensive Arbitration Rules and Procedures (as then in effect) of JAMS in the City of Washington, D.C. You should note that discovery rules, standards of evidence, rights to appeal, and procedural rules, among other things, differ in arbitration from the rules applicable in a civil

trial. By agreeing to arbitration, you also will be agreeing to waive any right to a jury or court trial.

**If you do _not_ wish to agree now to arbitration of any disputes, claims or controversies to the extent provided in the attached Terms, check this box ☐. If the box is checked, the arbitration provisions in the enclosed Terms will be deemed deleted.**

*B. Carr disregard check*

You and we each agree to forego the right to a trial by jury with respect to any claims concerning or arising out of our relationship or our services, to the extent provided by the Terms.

———————————————

Our engagement, conflict and other practices reflect our desire to deal fairly with our clients in these as in all other aspects of our relationship. We welcome the opportunity to be retained by you, and, assuming this letter is acceptable to you, we look forward to providing our services to you on a mutually satisfactory basis.

We encourage you to consult with other counsel or advisors of your choice regarding these matters, and to consider fully the possible implications of our representation on the basis described. If, after such consultation as you deem appropriate, you agree to all the foregoing matters and Terms of Engagement, please communicate that agreement by signing and returning to me the enclosed extra copy of this letter.

The effective date of our agreement is the date on which our services commenced. The date of this letter on page 1 is for convenience of reference only. Although this engagement letter is considered confidential, you agree that we may share the terms of any conflict waivers (after redacting any otherwise confidential information) with our other affected client(s) and that we may disclose the fact of your waiver publicly or to other persons where reasonably necessary to rebut allegations that we are engaged in improper conflicting representations.

If you have any questions, please call me.

Very truly yours,

David J. Leviss
Partner
of O'MELVENY & MYERS LLP

**AGREED:** *Brian E Carr* July 7, 2013

By: BRIAN E. CARR

DJL:DM

# O'MELVENY & MYERS LLP
## TERMS OF ENGAGEMENT

Except as modified in writing, O'Melveny & Myers LLP ("we") and the client ("you") agree to the following provisions with respect to the relationship between them identified in the accompanying letter agreement:

## Respective Responsibilities of Attorney and Client

We will keep you reasonably informed of significant developments in the Subject Matter and as necessary to perform our services. We will consult with you as to our progress and issues that arise.

You will be candid and cooperative with us and will keep us informed with complete, accurate and timely factual information, documents and other communications relevant to the Subject Matter or otherwise reasonably requested by us to perform the services. We may rely on these communications, without independent verification. You will also assist us by making business, strategic and technical decisions appropriate to enable completion of the work and performance of the services.

We provide only legal services. You are not relying on us for and, among other things, we are not providing investment, insurance, accounting or technical advice or making business or personal decisions, nor are we investigating the character or credit of persons with whom you may be dealing.

## Limited Waiver of Fees

We have agreed to absorb our fees for legal services. We also agree to absorb our other standard charges for services of persons other than attorneys and for other items.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to this engagement.

## No Guarantee of Outcome

We do not and cannot guarantee the outcome of any matter. Either at the commencement or during the course of our representation, we may express our opinions, views or beliefs concerning claims or courses of action and the results that might be anticipated or the time at which results might be expected. Any such statement made by any representative of our firm is intended to be an expression of opinions, views and beliefs only, based on information available to us at the time, and should not be construed by you as a guarantee of any type.

## E-mail Communications

During the course of our engagement, we may exchange electronic versions of documents and e-mails with you using commercially available software. Unfortunately, such communications are occasionally victimized by the creation and dissemination of so-called viruses, destructive electronic programs or

invasions of expected privacy. Our virus scanning software also may occasionally reject a communication that you send to us, or we in turn may send you something that is rejected by your system.

We believe these infrequent occurrences are to be expected as part of the ordinary course of business, although they do affect the security and reliability of these communications.

We cannot guarantee that our communications and documents will always be virus free or immune from invasions of expected privacy or from monitoring by the Bureau of Prisons. If for these or other reasons you would prefer or require that we not use electronic communications or that we follow special instructions or use encryptions, on e-mail or other communications, you should promptly advise in writing those working on your matters of this preference or requirement.

## Consent to Publicity

As to matters in which we are representing you that are or become matters of public record, you confirm that you have no objection to our making public reference to this representation, consistent with our ethical responsibilities to otherwise maintain your confidences. Such reference may include, without limitation, mention in our firm Web site, statements of an attorney's experience, brochures, matter lists, or promotional material.

## Termination of Representation

You can terminate our services at any time. If you do, you agree to give us prompt written notice of the termination. If we are attorneys of record in any proceeding, you agree to promptly execute and return to us the Substitution of Attorney we provide to you.

We can also withdraw from this representation at any time, except to the extent limited by applicable law or rules of professional conduct. Some reasons for our withdrawal might include:

- You fail to honor the terms of our engagement letter and these Terms of Engagement;

- You make it unreasonably difficult to represent you effectively or you insist on conduct contrary to our advice on a matter; or

- Facts or circumstances arise that, in our view, render our continuing representation unlawful or unethical.

If we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further services, including the execution of any documents necessary to complete our withdrawal.

Our representation of you will be considered terminated at the earliest of your termination of our representation, our withdrawal from our representation of you, or the substantial completion of our work for you.

## Arbitration and Waiver of Jury Trial

***Arbitration of All Disputes, Claims or Controversies. As a material part of our agreement, you and we agree that any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed, will be determined exclusively by confidential, final and binding arbitration, in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, in the City of Washington, D.C. Disputes, claims and controversies subject to***

*final and binding arbitration under include, without limitation, all those that otherwise could be tried in court to a judge or jury in the absence of this agreement to arbitrate. Such disputes, claims and controversies include, without limitation, claims of professional malpractice or other disputes over the quality of our services, claims relating to or arising out of your or our performance under these Terms, and disputes over fees or other charges, costs or expenses (except as covered by the next paragraph or prohibited by law) and any other claims arising out of any alleged act or omission by you or us. By agreeing to submit all such disputes, claims and controversies to binding arbitration, you and we expressly waive any rights to have such matters heard or tried in court before a judge or jury or in another tribunal. Any award will be final, binding and conclusive upon the parties, subject only to judicial review provided by statute, and a judgment rendered on the arbitration award can be entered in any state or federal court having jurisdiction thereof.*

*<u>California State Bar Fee Arbitration</u>. Notwithstanding the above, in a dispute subject to the jurisdiction of the State of California over fees, charges, costs or expenses, you have the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business & Professions Code §§ 6200 et seq. Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. If you do not elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, as provided above.*

*<u>Waiver of Right to Jury or Court Trial</u>. You understand that by entering into this agreement you and we are waiving any right to a jury or court trial, to the extent permitted by law, for any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed.*

*<u>Other Arbitration Service Providers</u>. Nothing herein shall limit the right of the parties to mutually stipulate and agree to conduct the arbitration or resolve any disputes before and pursuant to the then existing rules of any other agreed-upon arbitration or dispute resolution services provider.*

## Disclosure of Conflicts and Other Information

To allow us to conduct a conflicts check, you represent that you have identified for us all persons and entities that are or may become involved in the Subject Matter, including all persons and entities that in any material respect are related, affiliated or associated with you, and other involved or potentially involved parties, whether on the same side or adverse to your interest. You also agree that you will promptly notify us if you become aware of any other persons or entities that are or may become involved in the matter. You agree to cooperate fully with us and to provide promptly all information known or available to you that is relevant to our representation.

## Registered Limited Liability Partnership/Limitation on Liability

The firm of O'Melveny & Myers LLP is a California registered limited liability partnership, registered also as a foreign limited liability partnership in other jurisdictions in which our domestic offices are located. As a result, with certain possible limited exceptions, none of which may be applicable, our partners, as distinguished from the partnership, by reason of being a partner or acting in the conduct of the business or activities of O'Melveny & Myers LLP, are not liable or accountable to you, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for debts, obligations, or liabilities of or chargeable to the firm or another partner, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed by the firm.

**Document Retention and Destruction**

In the course of our representation of you, we are likely to come into possession of copies or originals of documents or other materials belonging to you or otherwise constituting client records, such as correspondence, pleadings, transcripts, exhibits, physical evidence, and other items reasonably necessary to your representation (collectively, "Client Materials"). Once the particular matter to which those Client Materials relate has been concluded, we will make arrangements either to return the Client Materials to you, retain them in our storage facilities or dispose of them. If you do not request their return and in the absence of any other specific arrangements with you or legal requirements to the contrary, you agree that we may dispose of those Client Materials consistent with any reasonable records retention policy that we may have in effect from time to time. Moreover, unless you have sought the return of such Client Materials within two years after the conclusion of the matter to which they relate, we may destroy them and will be relieved of any responsibility to you with respect to them. If we conclude that it would be inappropriate or impermissible to destroy all or any portion of these Client Materials, you agree that we may return or deliver them to you at your last known address, and we will be relieved of any responsibility with respect to them. We may retain copies if we choose. You agree to pay the expense of the return (or any other directed delivery) of Client Materials. You also agree to take possession (whether or not you take possession of other Client Materials) of original documents, such as wills, investments, stock certificates, etc.; whereupon we will have no further responsibility for them.

Our own files pertaining to the matter will not be delivered to you. You agree that our firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records, as well as internal lawyers' work product (such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports and mental impressions), prepared by us or for our internal use. You agree that our files remain our property and for various reasons, including the minimization of unnecessary storage expenses, or for no reason, we may destroy or otherwise dispose of our files a reasonable time after the conclusion of the matter.

**Miscellaneous**

These Terms of Engagement and the accompanying letter agreement supersede all other prior and contemporaneous written and oral agreements and understandings between us, including any outside counsel guidelines or service level agreements, or the like, that you adopt; contain the entire agreement between us; and can be modified only by your and our subsequent written agreement. You acknowledge that no promises have been made to you by us other than those stated in these writings.

Any provision of these Terms of Engagement or the accompanying letter agreement held in whole or in part to be unenforceable for any reason shall be severable if the essential terms of engagement both to you and us remain enforceable. In that case, the remainder of that provision and our agreement will remain in effect.

Our agreement will be governed by the internal law, and not the law pertaining to choice or conflict of laws, of the State of California, except to any extent required by applicable law or rules of professional conduct.

**Application to Other Matters**

The agreement reflected in these Terms of Engagement and in the accompanying letter agreement applies to our present representation of you and to any subsequent matters we agree to undertake on your behalf, unless we agree in writing to a different arrangement.

# CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTION 6148

(a)    In any case not coming within Section 6147 in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following:

    (1)    Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.

    (2)    The general nature of the legal services to be provided to the client.

    (3)    The respective responsibilities of the attorney and the client as to the performance of the contract.

(b)    All bills rendered by an attorney to a client shall clearly state the basis thereof. Bills for the fee portion of the bill shall include the amount, rate, basis for calculation, or other method of determination of the attorney's fees and costs. Bills for the cost and expense portion of the bill shall clearly identify the costs and expenses incurred and the amount of the costs and expenses. Upon request by the client, the attorney shall provide a bill to the client no later than 10 days following the request unless the attorney has provided a bill to the client within 31 days prior to the request, in which case the attorney may provide a bill to the client no later than 31 days following the date the most recent bill was provided. The client is entitled to make similar requests at intervals of no less than 30 days following the initial request. In providing responses to client requests for billing information, the attorney may use billing data that is currently effective on the date of the request, or, if any fees or costs to that date cannot be accurately determined, they shall be described and estimated.

(c)    Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee.

(d)    This section shall not apply to any of the following:

    (1)    Services rendered in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impractical.

    (2)    An arrangement as to the fee implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client.

    (3)    If the client knowingly states in writing, after full disclosure of this section, that a writing concerning fees is not required.

    (4)    If the client is a corporation.

\*      \*      \*

# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

JAKARTA†

LONDON

LOS ANGELES

NEWPORT BEACH

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEW YORK

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

July 3, 2013

WRITER'S DIRECT DIAL
(202) 383-5282

WRITER'S E-MAIL ADDRESS
dleviss@omm.com

**CONFIDENTIAL**

**SPECIAL MAIL/LEGAL MAIL**

Mr. Mark Crenshaw
24135-083
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Re: *Accommodation of Religious Diet – Terms of Engagement, Conflict Waivers and Relationship Matters*

Dear Mr. Crenshaw:

We are pleased to have the opportunity to serve as your attorneys. This letter agreement and the enclosed Terms of Engagement (the "Terms") contain our agreement with you regarding the firm's services, our billing practices, and related representation and conflict of interest matters.

## Subject Matters and Scope of Representation

We have agreed to represent you, Mark Crenshaw ("you"), and other selected inmates at the Terre Haute facility (currently Brian Carr, John Wilson, Julius Warren, and Trone Kent) ("Joint Clients") in the matter identified below (the "Subject Matter"). Our representation will relate only to the claims you and the Joint Clients may have against the Federal Bureau of Prisons regarding provision of halal meals, as described below.

We will be assisting you only in the following matters: (1) drafting and filing a Complaint requesting injunctive relief from the Federal Bureau of Prisons and its employees regarding failure to provide certified halal meals; (2) drafting and filing subsequent motions and related briefing; (3) preparing for and representing you in any hearings, oral arguments, and/or at trial related to the complaint for failure to provide certified halal meals. We have not been asked to, or agreed to, represent you in other legal matters at this time and our representation as to any

unspecified matters is subject to resolution of any conflict issues that may arise and our acceptance at the time of a request from you as to the particular undertaking.

Our representation will end when the specified matters have been substantially completed, unless our engagement is earlier terminated or extended in accordance with the Terms.

If a need for further services arises, we will discuss this with you in a timely manner. You can limit the scope of our representation from time to time, but there must be a clear mutual written understanding as to any significant expansion of the scope of services. Unless otherwise agreed in writing, the terms of this letter agreement and the attached Terms will also apply to any additional matters we agree to handle on your behalf.

## Outside Lawyers

We are working as co-counsel with the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC"). You have authorized us to discuss the Subject Matter, including privileged and confidential information, with Deborah Golden, Esq., and other attorneys and staff of WLC. All communications between you and your lawyers at either O'Melveny & Myers LLP ("O'Melveny") or WLC will be strictly confidential and will be protected by the attorney-client privilege. Ms. Golden and the staff and attorneys at WLC are not agents of O'Melveny, nor are we their agents. We will not oversee their work. A separate co-counsel agreement has been entered into between O'Melveny and WLC and a copy is given to you so that you understand it is a part of this engagement letter. It is essential that, in order to preserve the attorney-client privilege, you do not discuss anything related to the Subject Matter outside the presence of one of your attorneys.

## Identity of Client

We will represent you and the Joint Clients in connection with the Subject Matter. Unless expressly agreed in writing, we will not be representing any other inmates of the Terre Haute facility, or other affiliates or associates ("Related Persons") in connection with the Subject Matter. Accordingly, we will generally not be precluded from representing any of our other existing clients or future clients in legal matters relating or adverse to these other Related Persons.

## Client Responsibility

In order for us to assist you effectively and efficiently, we expect that you will provide us with complete and correct factual information with respect to the Subject Matter, and that you will timely make any appropriate decisions. In addition, we encourage you to share with us your expectations and any concerns regarding our services at any time during the course of our representation.

## **Waiver of Prospective Conflicts on Other Matters**

We represent many other clients, including but (of course) not limited to governmental entities. It is possible that during or after the time we represent you, other present or future clients will ask us to represent them in disputes or transactions with or involving you or any Related Persons as to legal matters not substantially related to our representation of you. In matters other than the Subject Matter, these other clients could be directly adverse to you or any Related Persons.

Because our representation of you is limited to the Subject Matter, we wish to clarify our mutual understanding with you as to the extent to which our present representation both will affect, and will not affect, our ability to represent other existing or future clients in other legal matters, including litigation or other adversarial proceedings, whether or not you are involved in those matters. As a condition of our undertaking this matter, you agree that:

- we can continue to represent, or can in the future represent, existing or new clients in any matter, including litigation or other adversarial proceedings, so long as the matter is not substantially related to our work for you on the Subject Matter, even if those other clients' interests are adverse to you in the other matter,

- we might obtain confidential information of interest to you in these other matters that we cannot share with you, and

- you waive any conflict of interest that might arise from such engagements, and will not seek to disqualify us in or assert a conflict with respect to those engagements.

If for any reason this consent and waiver of the potential conflict is not effective in the circumstances, you consent to our resignation from our representation of you if resignation at that time is otherwise permissible under applicable professional rules. In that case, you would need to engage at your expense separate counsel to represent your interests and may incur delays and other inconvenience.

Of course, without your further prior written consent, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used in the other matter by the other client to your material disadvantage, unless we establish a "screen" to preserve your confidences; you consent to this arrangement.

The occasion might arise for us to consult (at our own expense, of course) regarding our engagement for you with our own counsel—our General Counsel or other firm lawyers working with our General Counsel who do not perform work for you on the Subject Matter, or with our own outside counsel. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and you as to such consultation or resulting communications, particularly if a dispute were to arise between us and you regarding

the Subject Matter. A condition of this engagement is that, in such circumstances, you hereby consent to such consultation occurring, and waive any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent you or from acting in our own behalf, even if doing so might be deemed adverse to your interests. You acknowledge that such communications are protected by our own attorney-client privilege from disclosure to you.

## Joint or Multiple Engagement

As you know, we will represent you and the Joint Clients in this matter. Based upon the information available to us at this time, we do not believe that jointly representing all these parties involves an actual conflict of interest. A conflict of interest may develop, however, if the parties' interests become inconsistent or adverse. If that occurs, we will promptly notify you and the Joint Clients about any such conflict.

It is possible that parties in addition to the Joint Clients will seek to join this joint representation. If that is the case, we will first attempt to determine whether adding the party to the joint representation will create an actual conflict of interest. If we do not believe that adding the party to the joint representation will create a conflict of interest, we will notify you of the party's interest and seek your approval of the addition to the joint representation.

Joint representation can be both efficient and effective, but involves risks you should assess in deciding whether to engage us at this time. First, our responsibilities must apply equally to our Joint Clients, rather than exclusively to one client. Although we are unaware of any current or reasonably foreseeable adverse effects of our joint representation of you and the Joint Clients, issues may arise that affect multiple clients in somewhat different ways. Therefore, it is important for you to understand that our joint client responsibilities may directly or indirectly affect our ability to focus exclusively on your individual interests and may be materially limited by our representation of the Joint Clients. For example, if you assert a claim against another client, take actions that would negatively affect the legal interest of the other Joint Clients, if we receive conflicting instructions with respect to our representation of you vis-à-vis the other Joint Clients, or if a dispute or conflict of interest develops between two or more of you, we may be required to withdraw from representing you. Should a disagreement arise among the Joint Clients, we will make a decision by majority vote. If no majority agreement can be reached, Brian Carr will provide the deciding vote. If a conflict of interest or unresolvable dispute arises among the Joint Clients such that we must withdraw from representation of some of the Joint Clients, Brian Carr is the client we will continue to represent. In the event that we are required to withdraw from continuing to represent you, you agree that we may continue to represent the Joint Clients in their claim against the Federal Bureau of Prisons. In the event of such withdrawal, we will be entitled to use the confidential information that we obtained from you while representing others regarding the Subject Matter.

In addition, during the course of our common representation of you and the other Joint Clients, as well as after such common representation, any information any one of you shares with us concerning the Subject Matter will not be kept confidential from the other Joint Clients.

Finally, you should be aware that any such information could be used against you in any proceeding by the other Joint Clients if a conflict of interest ever arises.

At the same time, the Joint Clients understand and agree with each other and with us that all confidential information communicated to us or our co-counsel will be subject to a joint privilege that prevents any of the other attorneys, the Joint Clients, and us from disclosing such confidential information to any other person or entity without the prior consent of the party that originally provided the confidential information. The obligation will continue not only during the course of our common representation of the Joint Clients, but also after such common representation ends.

You agree that you will fully cooperate in this joint engagement and will do everything in your power to protect the privileged communications between you, the Joint Clients, the other attorneys, and us.

We are prepared to proceed with the joint representation of the Joint Clients only if we obtain the written consent of each waiving actual or prospective conflicts to the fullest extent permissible, authorizing us to proceed subject to the limitations noted, and acknowledging the risks presented. If you agree to the terms of this communication and the requested waiver, your signature on this letter will evidence that agreement and your understanding of the circumstances and potential adverse consequences of this representation.

## Responsible Attorneys

Joanna Nairn, Darcy Meals, and I will be primarily responsible for this matter, but we will need the assistance of other attorneys and staff for support. My direct dial at the office is 202-383-5282 and my e-mail address is dleviss@omm.com. You can reach Joanna at 202-383-5379 or jnairn@omm.com, and Darcy at 202-383-5307 or dmeals@omm.com.

## Fees and Charges

As a representation undertaken by us for community legal service purposes and in light of your limited resources, we agree to handle this matter without charging you for fees or costs up front. Under that arrangement, we will not charge you fees for the time that we spend representing you. Nor will we charge you upfront for typical out-of-pocket expenses, such as telephone, routine copying and mailing expenses.

Because of the nature of the claims we may assert on your behalf, we may be eligible to apply for attorney's fees and/or costs incurred by the law firm in the course of the representation if we are successful on your behalf. If we recover any such attorney's fees and costs, we will retain those fees and costs and no part of that award of attorney's fees and costs will be paid to you.

If the engagement is resolved by a settlement that has no separate provision for fees and waives your right to seek court-awarded fees, we shall be entitled to our actual fees and costs

(calculated in the manner described below). If the matter is resolved by a settlement that does provide for fees and costs, we shall be entitled to the attorneys' fees and costs (calculated in the manner described below) that are so provided.

      A.      If you do not prevail, you will not be responsible for any fees or costs incurred by us.

      B.      If you do prevail or settle, the attorneys' fees will be calculated using the "lodestar" method. The lodestar amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed. For the purposes of this Matter, fees for lawyers and legal assistants for the firm will be at its regular hourly rates in effect when the services are rendered. Hourly rates for the firm's lawyers range from $380 for junior associates to $1050 for the most senior attorney; and for legal assistants and interns from $45 to $350. Hourly rates for the Washington Lawyers Committee range from $312 for junior staff attorneys to $753 for the most senior staff attorneys; and $170 an hour for legal assistants. The rates for particular individuals are adjusted from time to time, usually as of January 1.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which has been provided to you or is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to our services to you.

## ADR Processes with Adverse Party

You should note that alternative dispute resolution (ADR) processes may provide a means to resolve disputed claims. ADR processes include any structured process in which a neutral assists disputants in reaching a voluntary settlement by means of dispute resolution techniques such as mediation, conciliation, early neutral evaluation, nonjudicial settlement conferences or any other proceeding leading to a voluntary settlement. We will be prepared to discuss with you from time to time the advantages, disadvantages and availability of ADR processes as events unfold. You will have the ultimate authority, subject to applicable legal limits or orders, to determine (and eventually will need to determine) whether or not to pursue an ADR process.

## Arbitration

The Terms include an agreement to arbitrate certain matters before and pursuant to the Comprehensive Arbitration Rules and Procedures (as then in effect) of JAMS in the City of Washington, D.C. You should note that discovery rules, standards of evidence, rights to appeal, and procedural rules, among other things, differ in arbitration from the rules applicable in a civil

trial.  By agreeing to arbitration, you also will be agreeing to waive any right to a jury or court trial.

**If you do <u>not</u> wish to agree now to arbitration of any disputes, claims or controversies to the extent provided in the attached Terms, check this box ☐.  If the box is checked, the arbitration provisions in the enclosed Terms will be deemed deleted.**

You and we each agree to forego the right to a trial by jury with respect to any claims concerning or arising out of our relationship or our services, to the extent provided by the Terms.

———————————————

Our engagement, conflict and other practices reflect our desire to deal fairly with our clients in these as in all other aspects of our relationship.  We welcome the opportunity to be retained by you, and, assuming this letter is acceptable to you, we look forward to providing our services to you on a mutually satisfactory basis.

We encourage you to consult with other counsel or advisors of your choice regarding these matters, and to consider fully the possible implications of our representation on the basis described.  If, after such consultation as you deem appropriate, you agree to all the foregoing matters and Terms of Engagement, please communicate that agreement by signing and returning to me the enclosed extra copy of this letter.

The effective date of our agreement is the date on which our services commenced.  The date of this letter on page 1 is for convenience of reference only.  Although this engagement letter is considered confidential, you agree that we may share the terms of any conflict waivers (after redacting any otherwise confidential information) with our other affected client(s) and that we may disclose the fact of your waiver publicly or to other persons where reasonably necessary to rebut allegations that we are engaged in improper conflicting representations.

If you have any questions, please call me.

Very truly yours,

David J. Leviss
Partner
of O'MELVENY & MYERS LLP

**AGREED:**

By:_____

DJL:DM

Except as modified in writing, O'Melveny & Myers LLP ("we") and the client ("you") agree to the following provisions with respect to the relationship between them identified in the accompanying letter agreement:

## Respective Responsibilities of Attorney and Client

We will keep you reasonably informed of significant developments in the Subject Matter and as necessary to perform our services. We will consult with you as to our progress and issues that arise.

You will be candid and cooperative with us and will keep us informed with complete, accurate and timely factual information, documents and other communications relevant to the Subject Matter or otherwise reasonably requested by us to perform the services. We may rely on these communications, without independent verification. You will also assist us by making business, strategic and technical decisions appropriate to enable completion of the work and performance of the services.

We provide only legal services. You are not relying on us for and, among other things, we are not providing investment, insurance, accounting or technical advice or making business or personal decisions, nor are we investigating the character or credit of persons with whom you may be dealing.

## Limited Waiver of Fees

We have agreed to absorb our fees for legal services. We also agree to absorb our other standard charges for services of persons other than attorneys and for other items.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to this engagement.

## No Guarantee of Outcome

We do not and cannot guarantee the outcome of any matter. Either at the commencement or during the course of our representation, we may express our opinions, views or beliefs concerning claims or courses of action and the results that might be anticipated or the time at which results might be expected. Any such statement made by any representative of our firm is intended to be an expression of opinions, views and beliefs only, based on information available to us at the time, and should not be construed by you as a guarantee of any type.

## E-mail Communications

During the course of our engagement, we may exchange electronic versions of documents and e-mails with you using commercially available software. Unfortunately, such communications are occasionally victimized by the creation and dissemination of so-called viruses, destructive electronic programs or

invasions of expected privacy. Our virus scanning software also may occasionally reject a communication that you send to us, or we in turn may send you something that is rejected by your system.

We believe these infrequent occurrences are to be expected as part of the ordinary course of business, although they do affect the security and reliability of these communications.

We cannot guarantee that our communications and documents will always be virus free or immune from invasions of expected privacy or from monitoring by the Bureau of Prisons. If for these or other reasons you would prefer or require that we not use electronic communications or that we follow special instructions or use encryptions, on e-mail or other communications, you should promptly advise in writing those working on your matters of this preference or requirement.

## Consent to Publicity

As to matters in which we are representing you that are or become matters of public record, you confirm that you have no objection to our making public reference to this representation, consistent with our ethical responsibilities to otherwise maintain your confidences. Such reference may include, without limitation, mention in our firm Web site, statements of an attorney's experience, brochures, matter lists, or promotional material.

## Termination of Representation

You can terminate our services at any time. If you do, you agree to give us prompt written notice of the termination. If we are attorneys of record in any proceeding, you agree to promptly execute and return to us the Substitution of Attorney we provide to you.

We can also withdraw from this representation at any time, except to the extent limited by applicable law or rules of professional conduct. Some reasons for our withdrawal might include:

- You fail to honor the terms of our engagement letter and these Terms of Engagement;

- You make it unreasonably difficult to represent you effectively or you insist on conduct contrary to our advice on a matter; or

- Facts or circumstances arise that, in our view, render our continuing representation unlawful or unethical.

If we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further services, including the execution of any documents necessary to complete our withdrawal.

Our representation of you will be considered terminated at the earliest of your termination of our representation, our withdrawal from our representation of you, or the substantial completion of our work for you.

## Arbitration and Waiver of Jury Trial

***Arbitration of All Disputes, Claims or Controversies. As a material part of our agreement, you and we agree that any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed, will be determined exclusively by confidential, final and binding arbitration, in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, in the City of Washington, D.C. Disputes, claims and controversies subject to***

*final and binding arbitration under include, without limitation, all those that otherwise could be tried in court to a judge or jury in the absence of this agreement to arbitrate. Such disputes, claims and controversies include, without limitation, claims of professional malpractice or other disputes over the quality of our services, claims relating to or arising out of your or our performance under these Terms, and disputes over fees or other charges, costs or expenses (except as covered by the next paragraph or prohibited by law) and any other claims arising out of any alleged act or omission by you or us. By agreeing to submit all such disputes, claims and controversies to binding arbitration, you and we expressly waive any rights to have such matters heard or tried in court before a judge or jury or in another tribunal. Any award will be final, binding and conclusive upon the parties, subject only to judicial review provided by statute, and a judgment rendered on the arbitration award can be entered in any state or federal court having jurisdiction thereof.*

*California State Bar Fee Arbitration. Notwithstanding the above, in a dispute subject to the jurisdiction of the State of California over fees, charges, costs or expenses, you have the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business & Professions Code §§ 6200 et seq. Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. If you do not elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, as provided above.*

*Waiver of Right to Jury or Court Trial. You understand that by entering into this agreement you and we are waiving any right to a jury or court trial, to the extent permitted by law, for any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed.*

*Other Arbitration Service Providers. Nothing herein shall limit the right of the parties to mutually stipulate and agree to conduct the arbitration or resolve any disputes before and pursuant to the then existing rules of any other agreed-upon arbitration or dispute resolution services provider.*

## Disclosure of Conflicts and Other Information

To allow us to conduct a conflicts check, you represent that you have identified for us all persons and entities that are or may become involved in the Subject Matter, including all persons and entities that in any material respect are related, affiliated or associated with you, and other involved or potentially involved parties, whether on the same side or adverse to your interest. You also agree that you will promptly notify us if you become aware of any other persons or entities that are or may become involved in the matter. You agree to cooperate fully with us and to provide promptly all information known or available to you that is relevant to our representation.

## Registered Limited Liability Partnership/Limitation on Liability

The firm of O'Melveny & Myers LLP is a California registered limited liability partnership, registered also as a foreign limited liability partnership in other jurisdictions in which our domestic offices are located. As a result, with certain possible limited exceptions, none of which may be applicable, our partners, as distinguished from the partnership, by reason of being a partner or acting in the conduct of the business or activities of O'Melveny & Myers LLP, are not liable or accountable to you, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for debts, obligations, or liabilities of or chargeable to the firm or another partner, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed by the firm.

**Document Retention and Destruction**

In the course of our representation of you, we are likely to come into possession of copies or originals of documents or other materials belonging to you or otherwise constituting client records, such as correspondence, pleadings, transcripts, exhibits, physical evidence, and other items reasonably necessary to your representation (collectively, "Client Materials"). Once the particular matter to which those Client Materials relate has been concluded, we will make arrangements either to return the Client Materials to you, retain them in our storage facilities or dispose of them. If you do not request their return and in the absence of any other specific arrangements with you or legal requirements to the contrary, you agree that we may dispose of those Client Materials consistent with any reasonable records retention policy that we may have in effect from time to time. Moreover, unless you have sought the return of such Client Materials within two years after the conclusion of the matter to which they relate, we may destroy them and will be relieved of any responsibility to you with respect to them. If we conclude that it would be inappropriate or impermissible to destroy all or any portion of these Client Materials, you agree that we may return or deliver them to you at your last known address, and we will be relieved of any responsibility with respect to them. We may retain copies if we choose. You agree to pay the expense of the return (or any other directed delivery) of Client Materials. You also agree to take possession (whether or not you take possession of other Client Materials) of original documents, such as wills, investments, stock certificates, etc.; whereupon we will have no further responsibility for them.

Our own files pertaining to the matter will not be delivered to you. You agree that our firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records, as well as internal lawyers' work product (such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports and mental impressions), prepared by us or for our internal use. You agree that our files remain our property and for various reasons, including the minimization of unnecessary storage expenses, or for no reason, we may destroy or otherwise dispose of our files a reasonable time after the conclusion of the matter.

**Miscellaneous**

These Terms of Engagement and the accompanying letter agreement supersede all other prior and contemporaneous written and oral agreements and understandings between us, including any outside counsel guidelines or service level agreements, or the like, that you adopt; contain the entire agreement between us; and can be modified only by your and our subsequent written agreement. You acknowledge that no promises have been made to you by us other than those stated in these writings.

Any provision of these Terms of Engagement or the accompanying letter agreement held in whole or in part to be unenforceable for any reason shall be severable if the essential terms of engagement both to you and us remain enforceable. In that case, the remainder of that provision and our agreement will remain in effect.

Our agreement will be governed by the internal law, and not the law pertaining to choice or conflict of laws, of the State of California, except to any extent required by applicable law or rules of professional conduct.

**Application to Other Matters**

The agreement reflected in these Terms of Engagement and in the accompanying letter agreement applies to our present representation of you and to any subsequent matters we agree to undertake on your behalf, unless we agree in writing to a different arrangement.

# CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTION 6148

(a)     In any case not coming within Section 6147 in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following:

      (1)     Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.

      (2)     The general nature of the legal services to be provided to the client.

      (3)     The respective responsibilities of the attorney and the client as to the performance of the contract.

(b)     All bills rendered by an attorney to a client shall clearly state the basis thereof. Bills for the fee portion of the bill shall include the amount, rate, basis for calculation, or other method of determination of the attorney's fees and costs. Bills for the cost and expense portion of the bill shall clearly identify the costs and expenses incurred and the amount of the costs and expenses. Upon request by the client, the attorney shall provide a bill to the client no later than 10 days following the request unless the attorney has provided a bill to the client within 31 days prior to the request, in which case the attorney may provide a bill to the client no later than 31 days following the date the most recent bill was provided. The client is entitled to make similar requests at intervals of no less than 30 days following the initial request. In providing responses to client requests for billing information, the attorney may use billing data that is currently effective on the date of the request, or, if any fees or costs to that date cannot be accurately determined, they shall be described and estimated.

(c)     Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee.

(d)     This section shall not apply to any of the following:

      (1)     Services rendered in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impractical.

      (2)     An arrangement as to the fee implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client.

      (3)     If the client knowingly states in writing, after full disclosure of this section, that a writing concerning fees is not required.

      (4)     If the client is a corporation.

          *         *         *

O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
JAKARTA‡
LONDON
LOS ANGELES
NEWPORT BEACH

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEW YORK
SAN FRANCISCO
SEOUL
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO

WRITER'S DIRECT DIAL
(202) 383-5282

WRITER'S E-MAIL ADDRESS
dleviss@omm.com

July 3, 2013

**CONFIDENTIAL**

**SPECIAL MAIL/LEGAL MAIL**

Mr. Trone Kent
32556-044
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

> Re: *Accommodation of Religious Diet – Terms of Engagement, Conflict Waivers and Relationship Matters*

Dear Mr. Kent:

We are pleased to have the opportunity to serve as your attorneys. This letter agreement and the enclosed Terms of Engagement (the "Terms") contain our agreement with you regarding the firm's services, our billing practices, and related representation and conflict of interest matters.

**Subject Matters and Scope of Representation**

We have agreed to represent you, Trone Kent ("you"), and other selected inmates at the Terre Haute facility (currently Brian Carr, John Wilson, Mark Crenshaw, and Julius Warren) ("Joint Clients") in the matter identified below (the "Subject Matter"). Our representation will relate only to the claims you and the Joint Clients may have against the Federal Bureau of Prisons regarding provision of halal meals, as described below.

We will be assisting you only in the following matters: (1) drafting and filing a Complaint requesting injunctive relief from the Federal Bureau of Prisons and its employees regarding failure to provide certified halal meals; (2) drafting and filing subsequent motions and related briefing; (3) preparing for and representing you in any hearings, oral arguments, and/or at trial related to the complaint for failure to provide certified halal meals. We have not been asked to, or agreed to, represent you in other legal matters at this time and our representation as to any

unspecified matters is subject to resolution of any conflict issues that may arise and our acceptance at the time of a request from you as to the particular undertaking.

Our representation will end when the specified matters have been substantially completed, unless our engagement is earlier terminated or extended in accordance with the Terms.

If a need for further services arises, we will discuss this with you in a timely manner. You can limit the scope of our representation from time to time, but there must be a clear mutual written understanding as to any significant expansion of the scope of services. Unless otherwise agreed in writing, the terms of this letter agreement and the attached Terms will also apply to any additional matters we agree to handle on your behalf.

## Outside Lawyers

We are working as co-counsel with the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC"). You have authorized us to discuss the Subject Matter, including privileged and confidential information, with Deborah Golden, Esq., and other attorneys and staff of WLC. All communications between you and your lawyers at either O'Melveny & Myers LLP ("O'Melveny") or WLC will be strictly confidential and will be protected by the attorney-client privilege. Ms. Golden and the staff and attorneys at WLC are not agents of O'Melveny, nor are we their agents. We will not oversee their work. A separate co-counsel agreement has been entered into between O'Melveny and WLC and a copy is given to you so that you understand it is a part of this engagement letter. It is essential that, in order to preserve the attorney-client privilege, you do not discuss anything related to the Subject Matter outside the presence of one of your attorneys.

## Identity of Client

We will represent you and the Joint Clients in connection with the Subject Matter. Unless expressly agreed in writing, we will not be representing any other inmates of the Terre Haute facility, or other affiliates or associates ("Related Persons") in connection with the Subject Matter. Accordingly, we will generally not be precluded from representing any of our other existing clients or future clients in legal matters relating or adverse to these other Related Persons.

## Client Responsibility

In order for us to assist you effectively and efficiently, we expect that you will provide us with complete and correct factual information with respect to the Subject Matter, and that you will timely make any appropriate decisions. In addition, we encourage you to share with us your expectations and any concerns regarding our services at any time during the course of our representation.

## <u>Waiver of Prospective Conflicts on Other Matters</u>

We represent many other clients, including but (of course) not limited to governmental entities. It is possible that during or after the time we represent you, other present or future clients will ask us to represent them in disputes or transactions with or involving you or any Related Persons as to legal matters not substantially related to our representation of you. In matters other than the Subject Matter, these other clients could be directly adverse to you or any Related Persons.

Because our representation of you is limited to the Subject Matter, we wish to clarify our mutual understanding with you as to the extent to which our present representation both will affect, and will not affect, our ability to represent other existing or future clients in other legal matters, including litigation or other adversarial proceedings, whether or not you are involved in those matters. As a condition of our undertaking this matter, you agree that:

- we can continue to represent, or can in the future represent, existing or new clients in any matter, including litigation or other adversarial proceedings, so long as the matter is not substantially related to our work for you on the Subject Matter, even if those other clients' interests are adverse to you in the other matter,

- we might obtain confidential information of interest to you in these other matters that we cannot share with you, and

- you waive any conflict of interest that might arise from such engagements, and will not seek to disqualify us in or assert a conflict with respect to those engagements.

If for any reason this consent and waiver of the potential conflict is not effective in the circumstances, you consent to our resignation from our representation of you if resignation at that time is otherwise permissible under applicable professional rules. In that case, you would need to engage at your expense separate counsel to represent your interests and may incur delays and other inconvenience.

Of course, without your further prior written consent, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used in the other matter by the other client to your material disadvantage, unless we establish a "screen" to preserve your confidences; you consent to this arrangement.

The occasion might arise for us to consult (at our own expense, of course) regarding our engagement for you with our own counsel—our General Counsel or other firm lawyers working with our General Counsel who do not perform work for you on the Subject Matter, or with our own outside counsel. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and you as to such consultation or resulting communications, particularly if a dispute were to arise between us and you regarding

the Subject Matter. A condition of this engagement is that, in such circumstances, you hereby consent to such consultation occurring, and waive any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent you or from acting in our own behalf, even if doing so might be deemed adverse to your interests. You acknowledge that such communications are protected by our own attorney-client privilege from disclosure to you.

## Joint or Multiple Engagement

As you know, we will represent you and the Joint Clients in this matter. Based upon the information available to us at this time, we do not believe that jointly representing all these parties involves an actual conflict of interest. A conflict of interest may develop, however, if the parties' interests become inconsistent or adverse. If that occurs, we will promptly notify you and the Joint Clients about any such conflict.

It is possible that parties in addition to the Joint Clients will seek to join this joint representation. If that is the case, we will first attempt to determine whether adding the party to the joint representation will create an actual conflict of interest. If we do not believe that adding the party to the joint representation will create a conflict of interest, we will notify you of the party's interest and seek your approval of the addition to the joint representation.

Joint representation can be both efficient and effective, but involves risks you should assess in deciding whether to engage us at this time. First, our responsibilities must apply equally to our Joint Clients, rather than exclusively to one client. Although we are unaware of any current or reasonably foreseeable adverse effects of our joint representation of you and the Joint Clients, issues may arise that affect multiple clients in somewhat different ways. Therefore, it is important for you to understand that our joint client responsibilities may directly or indirectly affect our ability to focus exclusively on your individual interests and may be materially limited by our representation of the Joint Clients. For example, if you assert a claim against another client, take actions that would negatively affect the legal interest of the other Joint Clients, if we receive conflicting instructions with respect to our representation of you vis-à-vis the other Joint Clients, or if a dispute or conflict of interest develops between two or more of you, we may be required to withdraw from representing you. Should a disagreement arise among the Joint Clients, we will make a decision by majority vote. If no majority agreement can be reached, Brian Carr will provide the deciding vote. If a conflict of interest or unresolvable dispute arises among the Joint Clients such that we must withdraw from representation of some of the Joint Clients, Brian Carr is the client we will continue to represent. In the event that we are required to withdraw from continuing to represent you, you agree that we may continue to represent the Joint Clients in their claim against the Federal Bureau of Prisons. In the event of such withdrawal, we will be entitled to use the confidential information that we obtained from you while representing others regarding the Subject Matter.

In addition, during the course of our common representation of you and the other Joint Clients, as well as after such common representation, any information any one of you shares with us concerning the Subject Matter will not be kept confidential from the other Joint Clients.

Finally, you should be aware that any such information could be used against you in any proceeding by the other Joint Clients if a conflict of interest ever arises.

At the same time, the Joint Clients understand and agree with each other and with us that all confidential information communicated to us or our co-counsel will be subject to a joint privilege that prevents any of the other attorneys, the Joint Clients, and us from disclosing such confidential information to any other person or entity without the prior consent of the party that originally provided the confidential information. The obligation will continue not only during the course of our common representation of the Joint Clients, but also after such common representation ends.

You agree that you will fully cooperate in this joint engagement and will do everything in your power to protect the privileged communications between you, the Joint Clients, the other attorneys, and us.

We are prepared to proceed with the joint representation of the Joint Clients only if we obtain the written consent of each waiving actual or prospective conflicts to the fullest extent permissible, authorizing us to proceed subject to the limitations noted, and acknowledging the risks presented. If you agree to the terms of this communication and the requested waiver, your signature on this letter will evidence that agreement and your understanding of the circumstances and potential adverse consequences of this representation.

## Responsible Attorneys

Joanna Nairn, Darcy Meals, and I will be primarily responsible for this matter, but we will need the assistance of other attorneys and staff for support. My direct dial at the office is 202-383-5282 and my e-mail address is dleviss@omm.com. You can reach Joanna at 202-383-5379 or jnairn@omm.com, and Darcy at 202-383-5307 or dmeals@omm.com.

## Fees and Charges

As a representation undertaken by us for community legal service purposes and in light of your limited resources, we agree to handle this matter without charging you for fees or costs up front. Under that arrangement, we will not charge you fees for the time that we spend representing you. Nor will we charge you upfront for typical out-of-pocket expenses, such as telephone, routine copying and mailing expenses.

Because of the nature of the claims we may assert on your behalf, we may be eligible to apply for attorney's fees and/or costs incurred by the law firm in the course of the representation if we are successful on your behalf. If we recover any such attorney's fees and costs, we will retain those fees and costs and no part of that award of attorney's fees and costs will be paid to you.

If the engagement is resolved by a settlement that has no separate provision for fees and waives your right to seek court-awarded fees, we shall be entitled to our actual fees and costs

(calculated in the manner described below). If the matter is resolved by a settlement that does provide for fees and costs, we shall be entitled to the attorneys' fees and costs (calculated in the manner described below) that are so provided.

    A.      If you do not prevail, you will not be responsible for any fees or costs incurred by us.

    B.      If you do prevail or settle, the attorneys' fees will be calculated using the "lodestar" method. The lodestar amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed. For the purposes of this Matter, fees for lawyers and legal assistants for the firm will be at its regular hourly rates in effect when the services are rendered. Hourly rates for the firm's lawyers range from $380 for junior associates to $1050 for the most senior attorney; and for legal assistants and interns from $45 to $350. Hourly rates for the Washington Lawyers Committee range from $312 for junior staff attorneys to $753 for the most senior staff attorneys; and $170 an hour for legal assistants. The rates for particular individuals are adjusted from time to time, usually as of January 1.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which has been provided to you or is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to our services to you.

## ADR Processes with Adverse Party

You should note that alternative dispute resolution (ADR) processes may provide a means to resolve disputed claims. ADR processes include any structured process in which a neutral assists disputants in reaching a voluntary settlement by means of dispute resolution techniques such as mediation, conciliation, early neutral evaluation, nonjudicial settlement conferences or any other proceeding leading to a voluntary settlement. We will be prepared to discuss with you from time to time the advantages, disadvantages and availability of ADR processes as events unfold. You will have the ultimate authority, subject to applicable legal limits or orders, to determine (and eventually will need to determine) whether or not to pursue an ADR process.

## Arbitration

The Terms include an agreement to arbitrate certain matters before and pursuant to the Comprehensive Arbitration Rules and Procedures (as then in effect) of JAMS in the City of Washington, D.C. You should note that discovery rules, standards of evidence, rights to appeal, and procedural rules, among other things, differ in arbitration from the rules applicable in a civil

trial. By agreeing to arbitration, you also will be agreeing to waive any right to a jury or court trial.

**If you do _not_ wish to agree now to arbitration of any disputes, claims or controversies to the extent provided in the attached Terms, check this box ☑. If the box is checked, the arbitration provisions in the enclosed Terms will be deemed deleted.**

You and we each agree to forego the right to a trial by jury with respect to any claims concerning or arising out of our relationship or our services, to the extent provided by the Terms.

———————————————

Our engagement, conflict and other practices reflect our desire to deal fairly with our clients in these as in all other aspects of our relationship. We welcome the opportunity to be retained by you, and, assuming this letter is acceptable to you, we look forward to providing our services to you on a mutually satisfactory basis.

We encourage you to consult with other counsel or advisors of your choice regarding these matters, and to consider fully the possible implications of our representation on the basis described. If, after such consultation as you deem appropriate, you agree to all the foregoing matters and Terms of Engagement, please communicate that agreement by signing and returning to me the enclosed extra copy of this letter.

The effective date of our agreement is the date on which our services commenced. The date of this letter on page 1 is for convenience of reference only. Although this engagement letter is considered confidential, you agree that we may share the terms of any conflict waivers (after redacting any otherwise confidential information) with our other affected client(s) and that we may disclose the fact of your waiver publicly or to other persons where reasonably necessary to rebut allegations that we are engaged in improper conflicting representations.

If you have any questions, please call me.

Very truly yours,

David J. Leviss
Partner
of O'MELVENY & MYERS LLP

**AGREED:**

By: Trone Kent

DJL:DM

# O'MELVENY & MYERS LLP
## TERMS OF ENGAGEMENT

Except as modified in writing, O'Melveny & Myers LLP ("we") and the client ("you") agree to the following provisions with respect to the relationship between them identified in the accompanying letter agreement:

## Respective Responsibilities of Attorney and Client

We will keep you reasonably informed of significant developments in the Subject Matter and as necessary to perform our services. We will consult with you as to our progress and issues that arise.

You will be candid and cooperative with us and will keep us informed with complete, accurate and timely factual information, documents and other communications relevant to the Subject Matter or otherwise reasonably requested by us to perform the services. We may rely on these communications, without independent verification. You will also assist us by making business, strategic and technical decisions appropriate to enable completion of the work and performance of the services.

We provide only legal services. You are not relying on us for and, among other things, we are not providing investment, insurance, accounting or technical advice or making business or personal decisions, nor are we investigating the character or credit of persons with whom you may be dealing.

## Limited Waiver of Fees

We have agreed to absorb our fees for legal services. We also agree to absorb our other standard charges for services of persons other than attorneys and for other items.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to this engagement.

## No Guarantee of Outcome

We do not and cannot guarantee the outcome of any matter. Either at the commencement or during the course of our representation, we may express our opinions, views or beliefs concerning claims or courses of action and the results that might be anticipated or the time at which results might be expected. Any such statement made by any representative of our firm is intended to be an expression of opinions, views and beliefs only, based on information available to us at the time, and should not be construed by you as a guarantee of any type.

## E-mail Communications

During the course of our engagement, we may exchange electronic versions of documents and e-mails with you using commercially available software. Unfortunately, such communications are occasionally victimized by the creation and dissemination of so-called viruses, destructive electronic programs or

invasions of expected privacy. Our virus scanning software also may occasionally reject a communication that you send to us, or we in turn may send you something that is rejected by your system.

We believe these infrequent occurrences are to be expected as part of the ordinary course of business, although they do affect the security and reliability of these communications.

We cannot guarantee that our communications and documents will always be virus free or immune from invasions of expected privacy or from monitoring by the Bureau of Prisons. If for these or other reasons you would prefer or require that we not use electronic communications or that we follow special instructions or use encryptions, on e-mail or other communications, you should promptly advise in writing those working on your matters of this preference or requirement.

## Consent to Publicity

As to matters in which we are representing you that are or become matters of public record, you confirm that you have no objection to our making public reference to this representation, consistent with our ethical responsibilities to otherwise maintain your confidences. Such reference may include, without limitation, mention in our firm Web site, statements of an attorney's experience, brochures, matter lists, or promotional material.

## Termination of Representation

You can terminate our services at any time. If you do, you agree to give us prompt written notice of the termination. If we are attorneys of record in any proceeding, you agree to promptly execute and return to us the Substitution of Attorney we provide to you.

We can also withdraw from this representation at any time, except to the extent limited by applicable law or rules of professional conduct. Some reasons for our withdrawal might include:

- You fail to honor the terms of our engagement letter and these Terms of Engagement;

- You make it unreasonably difficult to represent you effectively or you insist on conduct contrary to our advice on a matter; or

- Facts or circumstances arise that, in our view, render our continuing representation unlawful or unethical.

If we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further services, including the execution of any documents necessary to complete our withdrawal.

Our representation of you will be considered terminated at the earliest of your termination of our representation, our withdrawal from our representation of you, or the substantial completion of our work for you.

## Arbitration and Waiver of Jury Trial

***Arbitration of All Disputes, Claims or Controversies. As a material part of our agreement, you and we agree that any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed, will be determined exclusively by confidential, final and binding arbitration, in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, in the City of Washington, D.C. Disputes, claims and controversies subject to***

*final and binding arbitration under include, without limitation, all those that otherwise could be tried in court to a judge or jury in the absence of this agreement to arbitrate. Such disputes, claims and controversies include, without limitation, claims of professional malpractice or other disputes over the quality of our services, claims relating to or arising out of your or our performance under these Terms, and disputes over fees or other charges, costs or expenses (except as covered by the next paragraph or prohibited by law) and any other claims arising out of any alleged act or omission by you or us. By agreeing to submit all such disputes, claims and controversies to binding arbitration, you and we expressly waive any rights to have such matters heard or tried in court before a judge or jury or in another tribunal. Any award will be final, binding and conclusive upon the parties, subject only to judicial review provided by statute, and a judgment rendered on the arbitration award can be entered in any state or federal court having jurisdiction thereof.*

*<u>California State Bar Fee Arbitration</u>. Notwithstanding the above, in a dispute subject to the jurisdiction of the State of California over fees, charges, costs or expenses, you have the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business & Professions Code §§ 6200 et seq. Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. If you do not elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, as provided above.*

*<u>Waiver of Right to Jury or Court Trial</u>. You understand that by entering into this agreement you and we are waiving any right to a jury or court trial, to the extent permitted by law, for any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed.*

*<u>Other Arbitration Service Providers</u>. Nothing herein shall limit the right of the parties to mutually stipulate and agree to conduct the arbitration or resolve any disputes before and pursuant to the then existing rules of any other agreed-upon arbitration or dispute resolution services provider.*

## Disclosure of Conflicts and Other Information

To allow us to conduct a conflicts check, you represent that you have identified for us all persons and entities that are or may become involved in the Subject Matter, including all persons and entities that in any material respect are related, affiliated or associated with you, and other involved or potentially involved parties, whether on the same side or adverse to your interest. You also agree that you will promptly notify us if you become aware of any other persons or entities that are or may become involved in the matter. You agree to cooperate fully with us and to provide promptly all information known or available to you that is relevant to our representation.

## Registered Limited Liability Partnership/Limitation on Liability

The firm of O'Melveny & Myers LLP is a California registered limited liability partnership, registered also as a foreign limited liability partnership in other jurisdictions in which our domestic offices are located. As a result, with certain possible limited exceptions, none of which may be applicable, our partners, as distinguished from the partnership, by reason of being a partner or acting in the conduct of the business or activities of O'Melveny & Myers LLP, are not liable or accountable to you, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for debts, obligations, or liabilities of or chargeable to the firm or another partner, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed by the firm.

## Document Retention and Destruction

In the course of our representation of you, we are likely to come into possession of copies or originals of documents or other materials belonging to you or otherwise constituting client records, such as correspondence, pleadings, transcripts, exhibits, physical evidence, and other items reasonably necessary to your representation (collectively, "Client Materials"). Once the particular matter to which those Client Materials relate has been concluded, we will make arrangements either to return the Client Materials to you, retain them in our storage facilities or dispose of them. If you do not request their return and in the absence of any other specific arrangements with you or legal requirements to the contrary, you agree that we may dispose of those Client Materials consistent with any reasonable records retention policy that we may have in effect from time to time. Moreover, unless you have sought the return of such Client Materials within two years after the conclusion of the matter to which they relate, we may destroy them and will be relieved of any responsibility to you with respect to them. If we conclude that it would be inappropriate or impermissible to destroy all or any portion of these Client Materials, you agree that we may return or deliver them to you at your last known address, and we will be relieved of any responsibility with respect to them. We may retain copies if we choose. You agree to pay the expense of the return (or any other directed delivery) of Client Materials. You also agree to take possession (whether or not you take possession of other Client Materials) of original documents, such as wills, investments, stock certificates, etc.; whereupon we will have no further responsibility for them.

Our own files pertaining to the matter will not be delivered to you. You agree that our firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records, as well as internal lawyers' work product (such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports and mental impressions), prepared by us or for our internal use. You agree that our files remain our property and for various reasons, including the minimization of unnecessary storage expenses, or for no reason, we may destroy or otherwise dispose of our files a reasonable time after the conclusion of the matter.

## Miscellaneous

These Terms of Engagement and the accompanying letter agreement supersede all other prior and contemporaneous written and oral agreements and understandings between us, including any outside counsel guidelines or service level agreements, or the like, that you adopt; contain the entire agreement between us; and can be modified only by your and our subsequent written agreement. You acknowledge that no promises have been made to you by us other than those stated in these writings.

Any provision of these Terms of Engagement or the accompanying letter agreement held in whole or in part to be unenforceable for any reason shall be severable if the essential terms of engagement both to you and us remain enforceable. In that case, the remainder of that provision and our agreement will remain in effect.

Our agreement will be governed by the internal law, and not the law pertaining to choice or conflict of laws, of the State of California, except to any extent required by applicable law or rules of professional conduct.

## Application to Other Matters

The agreement reflected in these Terms of Engagement and in the accompanying letter agreement applies to our present representation of you and to any subsequent matters we agree to undertake on your behalf, unless we agree in writing to a different arrangement.

# CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTION 6148

(a)     In any case not coming within Section 6147 in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following:

  (1)     Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.

  (2)     The general nature of the legal services to be provided to the client.

  (3)     The respective responsibilities of the attorney and the client as to the performance of the contract.

(b)     All bills rendered by an attorney to a client shall clearly state the basis thereof. Bills for the fee portion of the bill shall include the amount, rate, basis for calculation, or other method of determination of the attorney's fees and costs. Bills for the cost and expense portion of the bill shall clearly identify the costs and expenses incurred and the amount of the costs and expenses. Upon request by the client, the attorney shall provide a bill to the client no later than 10 days following the request unless the attorney has provided a bill to the client within 31 days prior to the request, in which case the attorney may provide a bill to the client no later than 31 days following the date the most recent bill was provided. The client is entitled to make similar requests at intervals of no less than 30 days following the initial request. In providing responses to client requests for billing information, the attorney may use billing data that is currently effective on the date of the request, or, if any fees or costs to that date cannot be accurately determined, they shall be described and estimated.

(c)     Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee.

(d)     This section shall not apply to any of the following:

  (1)     Services rendered in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impractical.

  (2)     An arrangement as to the fee implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client.

  (3)     If the client knowingly states in writing, after full disclosure of this section, that a writing concerning fees is not required.

  (4)     If the client is a corporation.

                    *          *          *

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

JAKARTA†

LONDON

LOS ANGELES

NEWPORT BEACH

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEW YORK

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

July 3, 2013

WRITER'S DIRECT DIAL
(202) 383-5282

WRITER'S E-MAIL ADDRESS
dleviss@omm.com

<u>**CONFIDENTIAL**</u>

<u>**SPECIAL MAIL/LEGAL MAIL**</u>

Mr. John Wilson
09408-007
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Re:  *<u>Accommodation of Religious Diet – Terms of Engagement, Conflict
Waivers and Relationship Matters</u>*

Dear Mr. Wilson:

　　We are pleased to have the opportunity to serve as your attorneys.  This letter agreement
and the enclosed Terms of Engagement (the "Terms") contain our agreement with you regarding
the firm's services, our billing practices, and related representation and conflict of interest
matters.

**<u>Subject Matters and Scope of Representation</u>**

　　We have agreed to represent you, John Wilson ("you"), and other selected inmates at the
Terre Haute facility (currently Brian Carr, Mark Crenshaw, Julius Warren, and Trone Kent)
("Joint Clients") in the matter identified below (the "Subject Matter").  Our representation will
relate only to the claims you and the Joint Clients may have against the Federal Bureau of
Prisons regarding provision of halal meals, as described below.

　　We will be assisting you only in the following matters:  (1) drafting and filing a
Complaint requesting injunctive relief from the Federal Bureau of Prisons and its employees
regarding failure to provide certified halal meals; (2) drafting and filing subsequent motions and
related briefing; (3) preparing for and representing you in any hearings, oral arguments, and/or at
trial related to the complaint for failure to provide certified halal meals.  We have not been asked
to, or agreed to, represent you in other legal matters at this time and our representation as to any

unspecified matters is subject to resolution of any conflict issues that may arise and our acceptance at the time of a request from you as to the particular undertaking.

Our representation will end when the specified matters have been substantially completed, unless our engagement is earlier terminated or extended in accordance with the Terms.

If a need for further services arises, we will discuss this with you in a timely manner. You can limit the scope of our representation from time to time, but there must be a clear mutual written understanding as to any significant expansion of the scope of services. Unless otherwise agreed in writing, the terms of this letter agreement and the attached Terms will also apply to any additional matters we agree to handle on your behalf.

## Outside Lawyers

We are working as co-counsel with the Washington Lawyers' Committee for Civil Rights and Urban Affairs ("WLC"). You have authorized us to discuss the Subject Matter, including privileged and confidential information, with Deborah Golden, Esq., and other attorneys and staff of WLC. All communications between you and your lawyers at either O'Melveny & Myers LLP ("O'Melveny") or WLC will be strictly confidential and will be protected by the attorney-client privilege. Ms. Golden and the staff and attorneys at WLC are not agents of O'Melveny, nor are we their agents. We will not oversee their work. A separate co-counsel agreement has been entered into between O'Melveny and WLC and a copy is given to you so that you understand it is a part of this engagement letter. It is essential that, in order to preserve the attorney-client privilege, you do not discuss anything related to the Subject Matter outside the presence of one of your attorneys.

## Identity of Client

We will represent you and the Joint Clients in connection with the Subject Matter. Unless expressly agreed in writing, we will not be representing any other inmates of the Terre Haute facility, or other affiliates or associates ("Related Persons") in connection with the Subject Matter. Accordingly, we will generally not be precluded from representing any of our other existing clients or future clients in legal matters relating or adverse to these other Related Persons.

## Client Responsibility

In order for us to assist you effectively and efficiently, we expect that you will provide us with complete and correct factual information with respect to the Subject Matter, and that you will timely make any appropriate decisions. In addition, we encourage you to share with us your expectations and any concerns regarding our services at any time during the course of our representation.

## <u>Waiver of Prospective Conflicts on Other Matters</u>

We represent many other clients, including but (of course) not limited to governmental entities.  It is possible that during or after the time we represent you, other present or future clients will ask us to represent them in disputes or transactions with or involving you or any Related Persons as to legal matters not substantially related to our representation of you.  In matters other than the Subject Matter, these other clients could be directly adverse to you or any Related Persons.

Because our representation of you is limited to the Subject Matter, we wish to clarify our mutual understanding with you as to the extent to which our present representation both will affect, and will not affect, our ability to represent other existing or future clients in other legal matters, including litigation or other adversarial proceedings, whether or not you are involved in those matters.  As a condition of our undertaking this matter, you agree that:

- we can continue to represent, or can in the future represent, existing or new clients in any matter, including litigation or other adversarial proceedings, so long as the matter is not substantially related to our work for you on the Subject Matter, even if those other clients' interests are adverse to you in the other matter,

- we might obtain confidential information of interest to you in these other matters that we cannot share with you, and

- you waive any conflict of interest that might arise from such engagements, and will not seek to disqualify us in or assert a conflict with respect to those engagements.

If for any reason this consent and waiver of the potential conflict is not effective in the circumstances, you consent to our resignation from our representation of you if resignation at that time is otherwise permissible under applicable professional rules.  In that case, you would need to engage at your expense separate counsel to represent your interests and may incur delays and other inconvenience.

Of course, without your further prior written consent, we cannot and will not represent another client in a matter adverse to you if we have obtained confidential information of a nonpublic nature from you, as a result of our representation of you, that, if known to the other client, could be used in the other matter by the other client to your material disadvantage, unless we establish a "screen" to preserve your confidences; you consent to this arrangement.

The occasion might arise for us to consult (at our own expense, of course) regarding our engagement for you with our own counsel—our General Counsel or other firm lawyers working with our General Counsel who do not perform work for you on the Subject Matter, or with our own outside counsel.  To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and you as to such consultation or resulting communications, particularly if a dispute were to arise between us and you regarding

the Subject Matter. A condition of this engagement is that, in such circumstances, you hereby consent to such consultation occurring, and waive any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent you or from acting in our own behalf, even if doing so might be deemed adverse to your interests. You acknowledge that such communications are protected by our own attorney-client privilege from disclosure to you.

## Joint or Multiple Engagement

As you know, we will represent you and the Joint Clients in this matter. Based upon the information available to us at this time, we do not believe that jointly representing all these parties involves an actual conflict of interest. A conflict of interest may develop, however, if the parties' interests become inconsistent or adverse. If that occurs, we will promptly notify you and the Joint Clients about any such conflict.

It is possible that parties in addition to the Joint Clients will seek to join this joint representation. If that is the case, we will first attempt to determine whether adding the party to the joint representation will create an actual conflict of interest. If we do not believe that adding the party to the joint representation will create a conflict of interest, we will notify you of the party's interest and seek your approval of the addition to the joint representation.

Joint representation can be both efficient and effective, but involves risks you should assess in deciding whether to engage us at this time. First, our responsibilities must apply equally to our Joint Clients, rather than exclusively to one client. Although we are unaware of any current or reasonably foreseeable adverse effects of our joint representation of you and the Joint Clients, issues may arise that affect multiple clients in somewhat different ways. Therefore, it is important for you to understand that our joint client responsibilities may directly or indirectly affect our ability to focus exclusively on your individual interests and may be materially limited by our representation of the Joint Clients. For example, if you assert a claim against another client, take actions that would negatively affect the legal interest of the other Joint Clients, if we receive conflicting instructions with respect to our representation of you vis-à-vis the other Joint Clients, or if a dispute or conflict of interest develops between two or more of you, we may be required to withdraw from representing you. Should a disagreement arise among the Joint Clients, we will make a decision by majority vote. If no majority agreement can be reached, Brian Carr will provide the deciding vote. If a conflict of interest or unresolvable dispute arises among the Joint Clients such that we must withdraw from representation of some of the Joint Clients, Brian Carr is the client we will continue to represent. In the event that we are required to withdraw from continuing to represent you, you agree that we may continue to represent the Joint Clients in their claim against the Federal Bureau of Prisons. In the event of such withdrawal, we will be entitled to use the confidential information that we obtained from you while representing others regarding the Subject Matter.

In addition, during the course of our common representation of you and the other Joint Clients, as well as after such common representation, any information any one of you shares with us concerning the Subject Matter will not be kept confidential from the other Joint Clients.

Finally, you should be aware that any such information could be used against you in any proceeding by the other Joint Clients if a conflict of interest ever arises.

At the same time, the Joint Clients understand and agree with each other and with us that all confidential information communicated to us or our co-counsel will be subject to a joint privilege that prevents any of the other attorneys, the Joint Clients, and us from disclosing such confidential information to any other person or entity without the prior consent of the party that originally provided the confidential information. The obligation will continue not only during the course of our common representation of the Joint Clients, but also after such common representation ends.

You agree that you will fully cooperate in this joint engagement and will do everything in your power to protect the privileged communications between you, the Joint Clients, the other attorneys, and us.

We are prepared to proceed with the joint representation of the Joint Clients only if we obtain the written consent of each waiving actual or prospective conflicts to the fullest extent permissible, authorizing us to proceed subject to the limitations noted, and acknowledging the risks presented. If you agree to the terms of this communication and the requested waiver, your signature on this letter will evidence that agreement and your understanding of the circumstances and potential adverse consequences of this representation.

## Responsible Attorneys

Joanna Nairn, Darcy Meals, and I will be primarily responsible for this matter, but we will need the assistance of other attorneys and staff for support. My direct dial at the office is 202-383-5282 and my e-mail address is dleviss@omm.com. You can reach Joanna at 202-383-5379 or jnairn@omm.com, and Darcy at 202-383-5307 or dmeals@omm.com.

## Fees and Charges

As a representation undertaken by us for community legal service purposes and in light of your limited resources, we agree to handle this matter without charging you for fees or costs up front. Under that arrangement, we will not charge you fees for the time that we spend representing you. Nor will we charge you upfront for typical out-of-pocket expenses, such as telephone, routine copying and mailing expenses.

Because of the nature of the claims we may assert on your behalf, we may be eligible to apply for attorney's fees and/or costs incurred by the law firm in the course of the representation if we are successful on your behalf. If we recover any such attorney's fees and costs, we will retain those fees and costs and no part of that award of attorney's fees and costs will be paid to you.

If the engagement is resolved by a settlement that has no separate provision for fees and waives your right to seek court-awarded fees, we shall be entitled to our actual fees and costs

O'MELVENY & MYERS LLP
July 3, 2013 - Page 6

(calculated in the manner described below). If the matter is resolved by a settlement that does provide for fees and costs, we shall be entitled to the attorneys' fees and costs (calculated in the manner described below) that are so provided.

A.    If you do not prevail, you will not be responsible for any fees or costs incurred by us.

B.    If you do prevail or settle, the attorneys' fees will be calculated using the "lodestar" method. The lodestar amount reflects the number of hours worked multiplied by a reasonable hourly rate for the work performed. For the purposes of this Matter, fees for lawyers and legal assistants for the firm will be at its regular hourly rates in effect when the services are rendered. Hourly rates for the firm's lawyers range from $380 for junior associates to $1050 for the most senior attorney; and for legal assistants and interns from $45 to $350. Hourly rates for the Washington Lawyers Committee range from $312 for junior staff attorneys to $753 for the most senior staff attorneys; and $170 an hour for legal assistants. The rates for particular individuals are adjusted from time to time, usually as of January 1.

## Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which has been provided to you or is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to our services to you.

## ADR Processes with Adverse Party

You should note that alternative dispute resolution (ADR) processes may provide a means to resolve disputed claims. ADR processes include any structured process in which a neutral assists disputants in reaching a voluntary settlement by means of dispute resolution techniques such as mediation, conciliation, early neutral evaluation, nonjudicial settlement conferences or any other proceeding leading to a voluntary settlement. We will be prepared to discuss with you from time to time the advantages, disadvantages and availability of ADR processes as events unfold. You will have the ultimate authority, subject to applicable legal limits or orders, to determine (and eventually will need to determine) whether or not to pursue an ADR process.

## Arbitration

The Terms include an agreement to arbitrate certain matters before and pursuant to the Comprehensive Arbitration Rules and Procedures (as then in effect) of JAMS in the City of Washington, D.C. You should note that discovery rules, standards of evidence, rights to appeal, and procedural rules, among other things, differ in arbitration from the rules applicable in a civil

trial. By agreeing to arbitration, you also will be agreeing to waive any right to a jury or court trial.

**If you do <u>not</u> wish to agree now to arbitration of any disputes, claims or controversies to the extent provided in the attached Terms, check this box ☒. If the box is checked, the arbitration provisions in the enclosed Terms will be deemed deleted.**

You and we each agree to forego the right to a trial by jury with respect to any claims concerning or arising out of our relationship or our services, to the extent provided by the Terms.

*yes JW*

Our engagement, conflict and other practices reflect our desire to deal fairly with our clients in these as in all other aspects of our relationship. We welcome the opportunity to be retained by you, and, assuming this letter is acceptable to you, we look forward to providing our services to you on a mutually satisfactory basis.

We encourage you to consult with other counsel or advisors of your choice regarding these matters, and to consider fully the possible implications of our representation on the basis described. If, after such consultation as you deem appropriate, you agree to all the foregoing matters and Terms of Engagement, please communicate that agreement by signing and returning to me the enclosed extra copy of this letter.

The effective date of our agreement is the date on which our services commenced. The date of this letter on page 1 is for convenience of reference only. Although this engagement letter is considered confidential, you agree that we may share the terms of any conflict waivers (after redacting any otherwise confidential information) with our other affected client(s) and that we may disclose the fact of your waiver publicly or to other persons where reasonably necessary to rebut allegations that we are engaged in improper conflicting representations.

If you have any questions, please call me.

Very truly yours,

David J. Leviss
Partner
of O'MELVENY & MYERS LLP

**AGREED:**

By: JOHN WILSON #09408-007

DJL:DM

## O'MELVENY & MYERS LLP
## TERMS OF ENGAGEMENT

Except as modified in writing, O'Melveny & Myers LLP ("we") and the client ("you") agree to the following provisions with respect to the relationship between them identified in the accompanying letter agreement:

### Respective Responsibilities of Attorney and Client

We will keep you reasonably informed of significant developments in the Subject Matter and as necessary to perform our services. We will consult with you as to our progress and issues that arise.

You will be candid and cooperative with us and will keep us informed with complete, accurate and timely factual information, documents and other communications relevant to the Subject Matter or otherwise reasonably requested by us to perform the services. We may rely on these communications, without independent verification. You will also assist us by making business, strategic and technical decisions appropriate to enable completion of the work and performance of the services.

We provide only legal services. You are not relying on us for and, among other things, we are not providing investment, insurance, accounting or technical advice or making business or personal decisions, nor are we investigating the character or credit of persons with whom you may be dealing.

### Limited Waiver of Fees

We have agreed to absorb our fees for legal services. We also agree to absorb our other standard charges for services of persons other than attorneys and for other items.

### Fee Detail Waiver

You are aware of the provisions of California Business and Professions Code Section 6148 (a copy of which is attached) and, to the extent (if any) that it applies to this engagement, you knowingly waive any further detail at this time concerning specific fees or charges. You, of course, may request at any time, and we will provide to you, additional detail as to particular charges and attorney and staff rates applicable to this engagement.

### No Guarantee of Outcome

We do not and cannot guarantee the outcome of any matter. Either at the commencement or during the course of our representation, we may express our opinions, views or beliefs concerning claims or courses of action and the results that might be anticipated or the time at which results might be expected. Any such statement made by any representative of our firm is intended to be an expression of opinions, views and beliefs only, based on information available to us at the time, and should not be construed by you as a guarantee of any type.

### E-mail Communications

During the course of our engagement, we may exchange electronic versions of documents and e-mails with you using commercially available software. Unfortunately, such communications are occasionally victimized by the creation and dissemination of so-called viruses, destructive electronic programs or

invasions of expected privacy. Our virus scanning software also may occasionally reject a communication that you send to us, or we in turn may send you something that is rejected by your system.

We believe these infrequent occurrences are to be expected as part of the ordinary course of business, although they do affect the security and reliability of these communications.

We cannot guarantee that our communications and documents will always be virus free or immune from invasions of expected privacy or from monitoring by the Bureau of Prisons. If for these or other reasons you would prefer or require that we not use electronic communications or that we follow special instructions or use encryptions, on e-mail or other communications, you should promptly advise in writing those working on your matters of this preference or requirement.

## Consent to Publicity

As to matters in which we are representing you that are or become matters of public record, you confirm that you have no objection to our making public reference to this representation, consistent with our ethical responsibilities to otherwise maintain your confidences. Such reference may include, without limitation, mention in our firm Web site, statements of an attorney's experience, brochures, matter lists, or promotional material.

## Termination of Representation

You can terminate our services at any time. If you do, you agree to give us prompt written notice of the termination. If we are attorneys of record in any proceeding, you agree to promptly execute and return to us the Substitution of Attorney we provide to you.

We can also withdraw from this representation at any time, except to the extent limited by applicable law or rules of professional conduct. Some reasons for our withdrawal might include:

- You fail to honor the terms of our engagement letter and these Terms of Engagement;

- You make it unreasonably difficult to represent you effectively or you insist on conduct contrary to our advice on a matter; or

- Facts or circumstances arise that, in our view, render our continuing representation unlawful or unethical.

If we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further services, including the execution of any documents necessary to complete our withdrawal.

Our representation of you will be considered terminated at the earliest of your termination of our representation, our withdrawal from our representation of you, or the substantial completion of our work for you.

## Arbitration and Waiver of Jury Trial

***Arbitration of All Disputes, Claims or Controversies. As a material part of our agreement, you and we agree that any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed, will be determined exclusively by confidential, final and binding arbitration, in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, in the City of Washington, D.C. Disputes, claims and controversies subject to***

*final and binding arbitration under include, without limitation, all those that otherwise could be tried in court to a judge or jury in the absence of this agreement to arbitrate. Such disputes, claims and controversies include, without limitation, claims of professional malpractice or other disputes over the quality of our services, claims relating to or arising out of your or our performance under these Terms, and disputes over fees or other charges, costs or expenses (except as covered by the next paragraph or prohibited by law) and any other claims arising out of any alleged act or omission by you or us. By agreeing to submit all such disputes, claims and controversies to binding arbitration, you and we expressly waive any rights to have such matters heard or tried in court before a judge or jury or in another tribunal. Any award will be final, binding and conclusive upon the parties, subject only to judicial review provided by statute, and a judgment rendered on the arbitration award can be entered in any state or federal court having jurisdiction thereof.*

*<u>California State Bar Fee Arbitration</u>. Notwithstanding the above, in a dispute subject to the jurisdiction of the State of California over fees, charges, costs or expenses, you have the right to elect arbitration pursuant to the fee arbitration procedures of the State Bar of California, as set forth in California Business & Professions Code §§ 6200 et seq. Those procedures permit a trial after arbitration, unless the parties agree in writing, after the dispute has arisen, to be bound by the arbitration award. If you do not elect to proceed under the State Bar fee arbitration procedures, any dispute over fees, charges, costs or expenses, will be resolved by binding arbitration in accordance with the then existing Comprehensive Arbitration Rules and Procedures of JAMS, as provided above.*

*<u>Waiver of Right to Jury or Court Trial</u>. You understand that by entering into this agreement you and we are waiving any right to a jury or court trial, to the extent permitted by law, for any and all disputes, claims or controversies arising out of or relating to this agreement, our relationship, or the services performed.*

*<u>Other Arbitration Service Providers</u>. Nothing herein shall limit the right of the parties to mutually stipulate and agree to conduct the arbitration or resolve any disputes before and pursuant to the then existing rules of any other agreed-upon arbitration or dispute resolution services provider.*

## Disclosure of Conflicts and Other Information

To allow us to conduct a conflicts check, you represent that you have identified for us all persons and entities that are or may become involved in the Subject Matter, including all persons and entities that in any material respect are related, affiliated or associated with you, and other involved or potentially involved parties, whether on the same side or adverse to your interest. You also agree that you will promptly notify us if you become aware of any other persons or entities that are or may become involved in the matter. You agree to cooperate fully with us and to provide promptly all information known or available to you that is relevant to our representation.

## Registered Limited Liability Partnership/Limitation on Liability

The firm of O'Melveny & Myers LLP is a California registered limited liability partnership, registered also as a foreign limited liability partnership in other jurisdictions in which our domestic offices are located. As a result, with certain possible limited exceptions, none of which may be applicable, our partners, as distinguished from the partnership, by reason of being a partner or acting in the conduct of the business or activities of O'Melveny & Myers LLP, are not liable or accountable to you, directly or indirectly, including by way of indemnification, contribution, assessment, or otherwise, for debts, obligations, or liabilities of or chargeable to the firm or another partner, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed by the firm.

## Document Retention and Destruction

In the course of our representation of you, we are likely to come into possession of copies or originals of documents or other materials belonging to you or otherwise constituting client records, such as correspondence, pleadings, transcripts, exhibits, physical evidence, and other items reasonably necessary to your representation (collectively, "Client Materials"). Once the particular matter to which those Client Materials relate has been concluded, we will make arrangements either to return the Client Materials to you, retain them in our storage facilities or dispose of them. If you do not request their return and in the absence of any other specific arrangements with you or legal requirements to the contrary, you agree that we may dispose of those Client Materials consistent with any reasonable records retention policy that we may have in effect from time to time. Moreover, unless you have sought the return of such Client Materials within two years after the conclusion of the matter to which they relate, we may destroy them and will be relieved of any responsibility to you with respect to them. If we conclude that it would be inappropriate or impermissible to destroy all or any portion of these Client Materials, you agree that we may return or deliver them to you at your last known address, and we will be relieved of any responsibility with respect to them. We may retain copies if we choose. You agree to pay the expense of the return (or any other directed delivery) of Client Materials. You also agree to take possession (whether or not you take possession of other Client Materials) of original documents, such as wills, investments, stock certificates, etc.; whereupon we will have no further responsibility for them.

Our own files pertaining to the matter will not be delivered to you. You agree that our firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records, as well as internal lawyers' work product (such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports and mental impressions), prepared by us or for our internal use. You agree that our files remain our property and for various reasons, including the minimization of unnecessary storage expenses, or for no reason, we may destroy or otherwise dispose of our files a reasonable time after the conclusion of the matter.

## Miscellaneous

These Terms of Engagement and the accompanying letter agreement supersede all other prior and contemporaneous written and oral agreements and understandings between us, including any outside counsel guidelines or service level agreements, or the like, that you adopt; contain the entire agreement between us; and can be modified only by your and our subsequent written agreement. You acknowledge that no promises have been made to you by us other than those stated in these writings.

Any provision of these Terms of Engagement or the accompanying letter agreement held in whole or in part to be unenforceable for any reason shall be severable if the essential terms of engagement both to you and us remain enforceable. In that case, the remainder of that provision and our agreement will remain in effect.

Our agreement will be governed by the internal law, and not the law pertaining to choice or conflict of laws, of the State of California, except to any extent required by applicable law or rules of professional conduct.

## Application to Other Matters

The agreement reflected in these Terms of Engagement and in the accompanying letter agreement applies to our present representation of you and to any subsequent matters we agree to undertake on your behalf, unless we agree in writing to a different arrangement.

# CALIFORNIA BUSINESS AND PROFESSIONS CODE
## SECTION 6148

(a)     In any case not coming within Section 6147 in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following:

      (1)     Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.

      (2)     The general nature of the legal services to be provided to the client.

      (3)     The respective responsibilities of the attorney and the client as to the performance of the contract.

(b)     All bills rendered by an attorney to a client shall clearly state the basis thereof. Bills for the fee portion of the bill shall include the amount, rate, basis for calculation, or other method of determination of the attorney's fees and costs. Bills for the cost and expense portion of the bill shall clearly identify the costs and expenses incurred and the amount of the costs and expenses. Upon request by the client, the attorney shall provide a bill to the client no later than 10 days following the request unless the attorney has provided a bill to the client within 31 days prior to the request, in which case the attorney may provide a bill to the client no later than 31 days following the date the most recent bill was provided. The client is entitled to make similar requests at intervals of no less than 30 days following the initial request. In providing responses to client requests for billing information, the attorney may use billing data that is currently effective on the date of the request, or, if any fees or costs to that date cannot be accurately determined, they shall be described and estimated.

(c)     Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee.

(d)     This section shall not apply to any of the following:

      (1)     Services rendered in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impractical.

      (2)     An arrangement as to the fee implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client.

      (3)     If the client knowingly states in writing, after full disclosure of this section, that a writing concerning fees is not required.

      (4)     If the client is a corporation.

*       *       *